Pearson, C. J.
 

 This is an action on the case, “for money bad and received,” to recover money collected for taxes by duress, and paid under protest.
 

 Mr. Phillips insisted that the action could not be maintained, and took this distinction: When it is left to the judgment of the sheriff to decide whether a tax is due and what amount, and he collects when no tax is due, or collects more than is due, the remedy is, to pay under protest, and recover back the amount wrongfully exacted, by an action for “money had and received;” but when the subjects of taxation are required to be listed, and the tax list is put in the hands of the sheriff for collection, that is an execution. No action will lie against him for collecting the amount on the list, and the only remedy is to apply to the County Court, under whose authority and supervision the tax list is made out, to have it corrected according to the provisions of the revenue act.
 

 The point has not heretofore been made in our courts-; but, after much consideration, we are satisfied the distinction is well taken.
 

 That an action on the case, “ for money had and received,” is the appropriate remedy in the first class of cases, like the taxables set out in Schedule B in the act of 1866, ch. 22, is settled. Brown on Actions, 364;
 
 Murchison v.
 
 McNeill, Win, 320;
 
 Worth
 
 v.
 
 Commissioners of Fayetteville,
 
 Win. Eq., 70, where it is assumed to be settled.
 

 When the articles liable to taxation and the amount to be collected is not fixed, but is left to depend upon the judgment of the sheriff, and he acts upon his own responsibility and knowledge of the facts, and proceeds by virtue of his office, if he errs the law does not allow him to be treated as a
 
 *129
 
 trespasser, but lias adopted the mildest form of action in order to give the tax payer a remedy, and provide a way in -which the question can be brought up for judicial determination. But in order to entitle himself to this remedy the party must pay the money under protest, so that the sheriff may know before he pays the money over, that the matter is disputed, and have an opportunity to consult counsel and pay the money back if satisfied of his error, or if doubtful may retain it as a stake holder, subject to the result of the action.
 

 It is proper to remark that
 
 Wynn
 
 v. Wright, 1 Dev.
 
 &
 
 Bat., 19, is the only case we have met with where trespass is brought. In that case the court decided for the sheriff upon the merits, and it did not become necessary to notice the form of action. The same remark may be made as to the case of
 
 Davis
 
 v.
 
 Dashiel, ante,
 
 p. 114.
 

 In regard to tiie other class of cases, where the taxables are required to be listed under the authority and supervision of the County Court, as the articles set out in Schedule A, act of 1866, ch. 22, under which class our case falls, different considerations and a different state of facts are presented. A justice of the peace is appointed by the County Court to take the list of taxable property in each captain’s district. This list is to be returned to the County Court and recorded at length, and the clerk is to add to the taxables of each person the amount of tax for which he is liable, and to set up the list in some conspicuous place at the court house, and is to return to the comptroller of the .State an abstract of the same. It is further provided that if any one is overrated, the County Court may, on application, reduce the amount, and direct the clerk to give a certificate stating the amount deducted, which certificate the sheriff shall receive; and upon handing it to the comptroller, a deduction ot the amount stated shall be made by him from the tax to be accounted for by the sheriff. It is also made the duty of
 
 *130
 
 the clerk to deliver to the sheriff an accurate copy of the tax list, and the sheriff is required to collect the same.
 

 The tax list is a judgment against every person for the amount of the tax, and the copy delivered to the sheriff is an execution put into his hands commanding him to collect the amount, and he is charged with it on the comptroller’s books. So the sheriff is just as much bound to make the collection as he is to collect the amount of an execution issued on an ordinary judgment.
 

 Take another view: Suppose the sheriff should not collect any part of the tax, or should make a deduction, or if he refuses to do so, suppose the tax-payer is allowed to recover it from the sheriff in an action, how is he to get a credit for it in his settlement with the comptroller ?
 

 It is suggested he may apply to the Legislature for relief; but why this circuity'; and in what embarrassments would sheriffs be involved ? To avoid this very state of things the law provides a plain remedy, by allowing the tax payer to apply to the County Court and have the matter corrected; and it would defeat, the purpose of the State to allow an action.
 

 These considerations make it manifest that the action for “money had and received” is not applicable to the case of listed taxables, and' the complainant has misconceived his remedy.
 

 This conclusion is fully sustained by the authorities cited by Mr. Phillips in his very able and learned argument.
 
 Osborne
 
 v. Danvers, 6 Pickering, 98,
 
 et al.
 

 The only case that our researches have enabled us to find that “looks the other way” is one in our own State reports,
 
 Bank of Cape Fear
 
 v. Edwards, 5 Ire., 516. In that case Edwards, the sheriff of Wake, collected of the complainant $100, assessed on the banking house for State and county taxes. The complainant recovered it back in assumpsit for “ money had and received.” But the point was not made
 
 *131
 
 that the action did not lie. The attention of the court was not called to the distinction now taken, and the only purpose of the parties seems to have been to try the question, whether the bank was liable to pay any public tax, either State or county, except 25 cents on each share of stock owned by individuals; and the point was presented in a case made up for that purpose alone. So it cannot be considered an authority in support of the remedy by action, and be allowed to establish the right to maintain an action in such cases, in opposition to ‘'the reason of the thing,” and the many cases cited on the argument, in which the point was directly made, and fully considered.
 

 Per Curiam. Judgment reversed, and, in accordance with the case agreed, judgment for the defendant.