F. BORDEN MACE v. THE COMMISSIONERS and SHERIFF OF
CARTERET COUNTY.

*Constitution—Taxation—Pleading—Statute—Injunction.*

1. An injunction to restrain the collection of taxes, which it is alleged,
   are levied for an unlawful or unauthorized purpose, will not be
   granted unless the facts are fully set forth from which the Court
   can determine the character or object for which they are levied.
   A general allegation that the purpose was illegal or unauthorized,
   or that the assessment was in excess of the constitutional limita-
   tions, is insufficient.

2. The prohibition against granting injunctions to restrain the collection of taxes, in Ch. 137, § 84, Laws 1887, embraces those cases where it is alleged the tax is in excess of the constitutional limitations.

CIVIL ACTION pending in CARTERET County, and heard upon motion for an injunction before *Philips, J.,* at Chambers in Kinston on the 16th November, 1887, brought by the plaintiff in behalf of himself and all other tax payers, &c., to restrain and prevent the collection of certain taxes which are alleged in the complaint to be in excess of the taxes allowed by the Constitution and laws of the State to be levied for State and County purposes; and it is further so alleged that such taxes in excess were "levied for an illegal or unauthorized purpose."

The answer denies that the taxes complained of are illegal, and that the same are "levied for an illegal or unauthorized purpose."

A restraining order was granted by a Judge at Chambers, but afterwards, upon hearing a motion for an injunction pending the action until the hearing upon the merits, the restraining order was dissolved, and the motion was denied.

From the judgment in this respect the plaintiff appealed to this Court.

*Mr. W. R. Allen,* for the plaintiff.
*Mr. Clement Manly,* for the defendants.

MERRIMON, J. The tax levy complained of was for the ordinary county purposes of the County of Carteret, and we are unable to distinguish this case from that of the *R. & G. Railroad Co.* v. *Lewis,* decided at the present term, in which the statute (Acts 1887, ch. 137, § 84,) is construed and applied, and it is held that an injunction to restrain the collection of taxes cannot be granted except to restrain the collection of taxes "levied for or assessed for an illegal or unau-

thorized purpose." That case is directly in point, and must be decisive of this.

It is alleged in the complaint in general terms that the taxes, the collection of which is sought to be restrained, were "levied for an illegal or unauthorized purpose"; but this is wholly insufficient. The constituent facts necessary to complete and show the alleged "illegal or unauthorized purpose," must be alleged in the pleading, so that the Court can see from it what the purpose is and determine its character. The facts being alleged, it is the province of the Court to determine whether or not the purpose is "illegal or unauthorized."

The learned counsel for the appellant contended on the argument that it appears from the pleadings that the tax levy was in excess of the limitations prescribed by the Constitution, and that the exceptive words, "except such tax or the part thereof enjoined be levied or assessed for an illegal or unauthorized purpose," of the statute above cited, are broad enough to embrace, and do embrace, all taxes levied in excess of the constitutional limitation, or in any way illegally levied. This interpretation cannot be allowed. It would practically render the statute nugatory. It is seldom that the collection of taxes is resisted upon grounds other than that the levy of the same was in some way illegal. The exceptive words apply not to the levy or illegal levy of the taxes, but to the "illegal or unauthorized" *purpose* of the levy. The collection of taxes shall not be interfered with, by injunction, unless the *purpose* of the same be "illegal or unauthorized."

In *Worth* v. *Commissioners*, Winst. Eq., 70, this Court expressed some doubt as to the authority of a Court of Equity to restrain the collection of State and County taxes by injunction. The Legislature, acting, no doubt, upon the doubt thus expressed, expressly provided by statute (Acts 1885, ch. 32, § 1), "That the writ of injunction shall be allowed under the usual rules in all cases against the collection of so much

of said taxes (public taxes) as may appear to have been illegally imposed or assessed." The authority thus conferred upon Courts of Equity was general and comprehensive, and was fully exercised until the enactment first above cited, which provides broadly that " No injunction shall be granted by any Court or Judge in this State to restrain the collection of any tax or any part thereof hereafter levied, nor to restrain the sale of any property for the non-payment of any such tax, except such tax or the part thereof enjoined be levied or assessed for an illegal or unauthorized purpose," &c. Plainly this prohibition extends to all taxes, however levied for lawful purposes, the general purpose being to prevent the interference of the Courts by injunction with the collection of such taxes. The power of the government to raise revenue promptly and without judicial interference is very great, and its continued wants and necessities that require money to meet them are correspondingly great. It is deemed better that the individual tax payer shall suffer occasional temporary inconvenience than that the administration of government shall be impeded or embarrassed to the general detriment of the people; and this is the more tolerable when a means is provided, as is done by the statute last mentioned, whereby unlawful exactions shall be returned to the tax payer.

But such restriction upon the authority of the Courts is not absolute. It frequently happens, especially of late years, that taxes are levied for particular purposes, and the legality of these is sometimes very questionable. Where taxes are levied for such illegal purposes the Courts may interfere to prevent the collection of them by injunction, the reason as to the exception as to them being that such limited interference will not likely materially prevent the collection of the public revenues. It is not probable that taxes will be levied for illegal or unauthorized purposes.

It was argued by the counsel for the appellant that the words, " levied for an illegal or unauthorized purpose," as

used in the eighty-fifth section of the statute first above cited, tends to support his contention that if the tax levy was illegal the Court might grant relief by injunction. This is a misapprehension. The words as there employed are intended to enable the tax payer to have returned to him the money he may have paid in discharge of taxes " levied for an illegal or unauthorized purpose." It might be that a tax payer could not, for some reason, invoke the interference of the Court in such a case, and would pay the taxes demanded from him for such purpose. If so, the money so paid shall be returned to him upon proper application, as in other cases provided for in the statute.

Affirmed.