THE RICHMOND AND DANVILLE RAILROAD COMPANY v. THE TOWN OF REIDSVILLE.

*Taxes—Action to Refund—Demand—Statute.*

1. The statute, ch. 137, § 84, Laws of 1887, requiring that a tax-payer, within thirty days after the payment of an alleged invalid tax, make a demand for its re-payment before bringing suit therefor, is mandatory in that respect, and such action cannot be maintained without first making the demand within the prescribed time.

2. The requirement of demand is not confined to claims for refunding any particular taxes, or taxes alleged to be invalid on any particular account; it extends to all taxes.

CIVIL ACTION, tried at January Term, 1891, of ROCKINGHAM Superior Court, *Bynum, J.,* presiding.

The plaintiff brought this action to recover the sum of $200, which it alleges the defendant unlawfully collected from it as license tax. It alleges that it was a common carrier of freights and passengers into and out of this State into and from other States; that it was not subject to such tax; that such tax interfered with inter-State commerce, and was imposed in violation of the Constitution of the United States,

etc. The defendant, among other defences, pleaded: "That plaintiff failed to make a demand for the taxes so paid within thirty days after payment thereof, as provided by law in such cases, and for this reason defendant says plaintiff company cannot maintain this action, and pleads the same in bar thereof."

By consent of parties, the Court found the following facts: ·

4. That in the years 1887 and 1888, the defendant levied a license tax of $50 for each of said years on the plaintiff company—the following being the town ordinance: "For defraying the current expenses of the corporation for the year 1887, the following general (on real and personal estate) poll and license taxes shall be levied and collected, to-wit: On each railroad company a tax of fifty dollars;" that this tax was continued during the year 1889, but increased to $100.

5. That on the 13th day of March, 1889, the taxes for the years 1887 and 1888 were demanded by the tax-collector of the town of Reidsville of the plaintiff and payment refused; that on the 19th of March, 1889, the tax-collector levied on some of the cars of plaintiff's for said tax, when plaintiff paid the same, under protest, to save its property from sale, the protest being as follows: ' To the tax-collector of Reidsville, North Carolina: Please take notice that the Richmond and Danville Railroad Company pays the $100 claimed by Reidsville against said company under protest, and that it will sue to recover the same in due time. D. Schenck, counsel R & D. R. R. Co. March 19th, 1889;" on the back of which is indorsed: "I accept service of this protest. R. M. Clack, Tax-Collector;" that said Clack was tax-collector at that time; that in June, 1889, the tax-collector demanded the $100 tax levied for the year 1889, and payment was refused; that he levied and the tax was paid on the 22d of June, 1889, under like protest and proceedings as were had for the taxes of 1887 and 1888.

6. That on the 23d day of July, 1889, plaintiff demanded of defendant the refunding or repayment of the taxes paid, or set out in finding of fact No. 5, which was refused.

Thereupon the Court gave judgment, whereof the following is a copy:

"This cause coming on to be heard, a trial by jury having been waived, and the facts agreed to be admitted and found by the Court, and being found and admitted, as set out in the case, it is ordered, adjudged and decreed that the town of Reidsville is authorized to levy the tax imposed under the ordinance of said town against the plaintiff company, and that the same is not unconstitutional. The other questions are, therefore, not passed upon, and it is further considered by the Court, that the plaintiff take nothing by its writ, that the defendant go hence without day and recover its costs of action, to be taxed by the Clerk."

The plaintiff excepted and appealed.

*Messrs. D. Schenck* and *G. F. Bason*, for plaintiff.
No counsel for defendant.

MERRIMON, C. J.—after stating the case: It is not questioned that the defendant, through its officers and agents, had power and authority by the terms and purposes of the statute incorporating it to impose and collect the license tax complained of by the plaintiff. The latter contends however, that that statute and tax were unlawful and void, because, as it alleges, they were in contravention of the Constitution of the United States (Art. 1, § 8, par. 3), which declares and provides " That Congress shall have power * * * to regulate commerce with foreign Nations, and among the several States and with the Indian Tribes."

We are not called upon, nor would it be proper for us to decide the grave question thus sought to be raised, because,

apart from it, and upon another and different ground, the plaintiff is not entitled to recover.

Whether the statute referred to is valid or not, it is very certain that the Legislature deemed it valid, and intended further that such tax as that in question might be imposed and collected and treated as a tax. The statute so expressly declares. This being so, as soon as the defendant collected the tax complained of, the plaintiff, if it intended to insist that it was unlawfully imposed and collected within thirty days next thereafter, ought to have demanded of the defendant that it refund the money so collected from it as a tax. The statute (Acts 1887, ch. 137, § 84) provides and gives the remedy in such case. It forbids the grant of relief by injunction against the collection of any tax, and further provides that " in every case the person or persons claiming any tax or any part thereof to be for *any reason invalid,* or that the valuation of his property is excessive or unequal, who shall pay the same to the tax-collector or other proper authority in all respects as though the same was legal and valid, such person may at *any time within thirty days after such payment* demand the same in writing from the treasurer of the State, or of the county, city or town for the benefit or under the authority or by the request of which the same was levied," etc. This statutory provision and regulation is significant and important in its purpose. It prescribes and establishes a method—the method and procedure whereby, when an illegal or improper tax has been imposed and collected, the right of the party complaining may be settled and the money improperly taken promptly refunded to him. The purpose is to require a prompt demand for the refunding of the money claimed with a view to a settlement of the matter in dispute while the facts in respect thereto are fresh in the minds of those who know them, to expedite justice. prevent litigation if possible and economize as to costs. To that end the proper authorities are required to examine and

pass upon the merits of the claim, as they are required to do as to claims generally against the State, city or town, as the case may be.

The demand within the time specified is made a *prerequisite* to an action to recover the money claimed. The section of the statute cited further provides that if the money so demanded "shall not be refunded within ninety days thereafter, the claimant may sue such county, city or town for the amount so demanded, including in his suit against the county both State and county tax; and if upon the trial it shall be determined that such tax, or any part thereof, was levied or assessed for an illegal or unauthorized purpose, or was for any reason *invalid* or excessive, judgment shall be rendered therefor with interest," etc.

Such prerequisite of demand is not confined to claims for refunding any particular class of taxes, or taxes illegal or invalid on any particular account or for any particular cause. The statute is broad and comprehensive in its terms and purposes, and applies to all taxes on whatever account claimed to be illegally collected. The language employed is, " *in every such case* the person or persons claiming any tax, or any part thereof, to be for any reason invalid," etc. If it be granted that the statute under which the tax was imposed was void, this would put the plaintiff's claim without the statute cited above. The defendant had at least colorable authority. The tax was imposed, collected, paid under protest as a tax, and so treated. We can see no reason why the plaintiff's claim is on a different footing from other taxes claimed to be unlawfully levied and collected. The statute embraces by its broad terms and purposes all such taxes.

Nor is the prerequisite to bringing an action thus required unjust or unreasonable. The claimant has thirty days next after he pays the taxes alleged by him to be illegal within which to make demand as required. The demand is simple,

easily made, and the time allowed is ample for such purpose. If it shall not be complied with in ninety days after it is made, the claimant is allowed to bring his action. He is not deprived of his action, nor of just opportunity to assert his right. The preliminary requisite to bringing his action is for his benefit as well as that of the State, county, city or town. It is not unwarranted. The Legislature clearly has power to prescribe and regulate by statute the method of preferring claims against the State and its agencies for taxes illegally levied and collected, as well as on other accounts, and how and when actions to establish and enforce such claims shall be brought and conducted. *Railroad* v. *Lewis*, 99 N. C., 62 ; *Mace* v. *Commissioners, Ibid.*, 65.

The statutory provision under consideration is founded on justice, convenience and sound policy. The class of claims to which it refers are against the State and its agencies. The latter are presumed to be honest and just, prepared and willing to allow and disallow all well-founded claims against them. They are not presumed to desire to litigate or withhold justice from any one, nor, in their nature, business relations and transactions can they know of the nature and merits of multitudes of claims and demands that may be made against them in the absence of notice. It is therefore right, just and expedient to require persons having such claims and demands to present them, and with reasonable promptness, before bringing actions to establish and enforce them. To so require imposes no unreasonable burden upon claimants, and the latter should not be allowed to delay making demand upon the public authorities that claims due them be recognized and paid, or denied and rejected. This is especially so as to claims for taxes improperly or unlawfully exacted. Such claims should be made and settled as soon as practicable.

It is insisted that the statute is only directory, that there are no negative words showing a purpose to prevent the

recovery, if the demand shall not be made within thirty days next after the collection of the illegal tax. The terms and purpose to require such demand, and within that time, are express, and, if there are no express words of negation, this appears by the strongest implication. If the demand may be made after the lapse of thirty days, within what time shall it be made? Will it be sufficient if made within sixty days, within six months, within one year, within two years, after the collection of the tax? The demand must be made within thirty days, else the statute has no reasonable or practical meaning. It must be alleged in the complaint that it was so made, otherwise no sufficient cause of action is alleged. It cannot be that the statute is meaningless, a mere form.

There are numerous statutes similar to the one under consideration, and they have been uniformly upheld and enforced. There is no reason why they should not be, where the regulations and prerequisites they prescribe are reasonable. *The Code*, §§ 756, 757; *Love* v. *Commissioners*, 64 N. C., 706; *Jones* v. *Commissioners*, 73 N. C., 182; *Hawley* v. *Commissioners*, 82 N. C., 22; *Royster* v. *Commissioners*, 98 N. C., 148.

The defendant expressly alleges in its answer as a defence that the plaintiff did not, within thirty days next after the payment of the alleged unlawful taxes, demand that it refund to the plaintiff the sum of money so collected, and the Court so found the fact to be. As the demand was essential to the plaintiff's cause of action, and no such demand was alleged in the complaint, and it appears none was made within the time prescribed, the plaintiff cannot recover.

The Court, therefore, properly entered judgment, upon the facts found, for the defendant. It should not, however, have recited, as the reason for its judgment, that the statute alleged to be void was valid. Such recital was unnecessary, and, moreover, the proper ground upon which the judgment rests is that no demand was made as required by the statute, and the judgment upon that ground must be affirmed.

Affirmed.