JOHN HATWOOD v. THE TOWN OF FAYETTEVILLE.

*Action to Recover Taxes Unlawfully Collected—Invalid Tax—*
*Tax Paid Through Mistake—Demand for Repayment—Stat-*
*ute of Limitations.*

1. The provision in Section 84, Chapter 137, Acts of 1887, requiring demand for the repayment of invalid taxes to be made within thirty days after payment is mandatory.

2. An action begun in July, 1894, for the recovery of invalid taxes paid in 1890 and several years previous, is barred by *The Code,* Section 155

3. Where taxes are repaid under a mistake of fact, demand for repayment must be made within thirty days after the mistake is discovered. (Acts 1887, Chapter 137, Section 84.)

CIVIL ACTION for the recovery of taxes paid by plaintiff under a mistake of fact, commenced in a Court of a Justice of the Peace and tried on appeal before *Coble, J.,* and a jury, at May Term, 1897, of CUMBERLAND Superior Court. There was a verdict for the defendant and from the judgment thereon the plaintiff appealed.

*Messrs. C. W. Broadfoot* and *S. H. McRae,* for plaintiff, (appellant,)
*Mr. H. McD. Robinson,* for defendant.

FAIRCLOTH, C. J.: This action was instituted on July 16, 1894, to recover taxes paid to the town of Fayetteville, annually, from 1873 to 1890, inclusive of the latter year. The allegation is that said taxes were invalid by reason of plaintiff's property being outside of the town limits, and that he paid said taxes under a mistake as to the latter fact. The payment of the taxes and said mistake are admitted, but the defendant's liability is denied. The defendant pleads the Act of Limitations in such actions as the present and avers other matters raising very important questions.

The Act of 1887, Chapter 137, Section 84, declares that any person, claiming that the tax levied is for any reason invalid, after paying the same, may, at any time within thirty days after such payment, demand the same from the authorities for whose benefit it was levied, and if the same be not refunded within ninety days he may sue for the amount. The defendant also relies on the three years limitations on actions. *Code*, Section 155. The plaintiff discovered the mistake of fact in 1892. By operation of the above statute it is plain that the plaintiff's right of action for the alleged cause is barred. In *Railroad* v. *Reidsville*, 109 N. C., 494, it was held that the provision in the Act of 1887, Chapter 137, Section 84, requiring demand to be made within thirty days, is mandatory, and that no action can be maintained without making the demand within the prescribed time, and that such requirement extends to all taxes.

We are unable to see from the record before us when the plaintiff's demand was made. If it was just prior to commencing his action, that was too late. The burden of showing that the demand was made within thirty (30) days after the mistake was discovered in 1892, was upon the plaintiff, and that fact does not appear in the record and the action is barred on that ground.

With this conclusion, it would serve no useful purpose to consider the grave matters presented by the defendant's answer. In fact the plaintiff's counsel did not desire that we should do so.

Affirmed.