L. A. BRISTOL, Receiver of the Piedmont Bank, v. COMMIS-SIONERS OF MORGANTON.

(Decided December 5, 1899.)

*Money Paid—Mistake of the Law—Invalid Tax Assessment—Act 1897, Chap. 169, Sec. 79.*

1. It is a general rule, that money paid under a mistake of the law can not be recovered.
2. The repayment of an invalid tax assessment can not be recovered unless demanded in writing within thirty days. Acts 1897, chap. 169, sec. 79.

CIVIL ACTION begun in the Justice's Court to recover certain taxes alleged to have been improperly paid to the tax col-

lector of Morganton, and heard on appeal before *Bowman,
J.*, upon admitted facts, at Fall Term, 1899, of BURKE
Superior Court.

His Honor rendered judgment for the plaintiff, and
defendant appealed.

The agreed facts are recited in the opinion.

*Mr. S. J. Ervin,* for appellant.
*Messrs. Bynum & Bynum,* for appellee.

MONTGOMERY, J.    The facts were agreed upon and sub-
mitted to the Court as upon a case agreed, a jury trial having
been waived.    The cashier of plaintiff bank listed before the
proper authorities of the town of Morganton the capital stock
of the bank at a valuation of $20,000.    The tax collector of
the town duly received the tax list and demanded from the
receiver of the bank (the business of the same being at that
time in liquidation and in the hands of a court receiver) the
taxes due to the town on the stock assessment, and threatened
to levy on the bank's property if the taxes should not be paid
by the receiver.    The plaintiff made no demand within
thirty days for the return of the taxes by the town, nor did
he commence the action within six months from the date of
the payment of the taxes.    The plaintiff alleged in the com-
plaint that the payment of the taxes was made under a mis-
take of fact, and, in the brief filed by counsel, that point is
especially dwelt upon.    There is nothing in the complaint
showing any misunderstanding of the facts of the case, even
if we should consider that pleading, in reference to a fact
stated therein, after an agreed statement of facts which sets
forth no fact from which it might be found that the payment
of the taxes had been filed through a mistake of the facts.

The truth is, the matters alleged in the complaint show that

there was no misunderstanding on plaintiff's part about the facts of the case. The agreed facts show that no such misunderstanding existed, and the brief shows that the payment was not made under a mistake of fact. The cashier listed the taxes, which the plaintiff admits was proper. The plaintiff knew *that,* when he paid the taxes, but contends that the tax assessors and the town authorities should have assessed the taxes against the *individual* stockholders, instead of against the bank. The question then confronting the plaintiff, when the taxes were paid, was one of law—Should the bank pay them or the individual stockholders?

The plaintiff solved the question by concluding as a matter of *law* that he was liable for the taxes, and whether he was right or wrong (which we are not called upon to decide here) he was bound by his action. It was money paid under a mistake of the law.

The plaintiff does not insist that the taxes were assessed or levied for an illegal or unauthorized purpose, or that they were invalid or excessive; in fact, he argued that the assessment was proper in all respects, except that it ought to have been entered against the individual stockholders instead of against the bank; and, therefore, on his own argument, he can not recover the amount paid as taxes, under sec. 79 of the Acts of 1897.

But if the plaintiff was in error in that position and the tax assessment was invalid on account of the alleged irregularity of the assessment, that is, that the assessment, after the stock had been listed by the cashier, should have been assessed against the individual stockholders instead of against the bank, then the plaintiff can not recover, for this action was not commenced within the time prescribed by law. Sec. 79, chap. 169, of the Acts 1897. *Hatwood v. Fayetteville,* 121 N. C., 209.

But the plaintiff says that a recovery can be had on another principle, i. e., that as the property is in the custody of the court, through its officer, the receiver, and a mistake having been made by the receiver, the mistake will be corrected to the end that the rights of the parties, for whose benefit the receiver was appointed, may be protected. The answer to that proposition is that the court is bound by the law, and it could not and would not desire, by any decree made in a particular case, to prevent the operation of the general rule of law that money paid under a mistake of the law can not be recovered.

There was error in the judgment below on the facts agreed, and the same is

Reversed.