TEETER v. WALLACE.

(Filed May 2, 1905.)

*Taxes—Remedy to Recover—Invalid State Taxes.*

Where the plaintiff paid, under protest, to the defendant, Sheriff, a State license tax and thereafter sued the defendant to recover said tax, *held*, that the action was properly dismissed as the provisions of Sec. 30, Ch. 558, Acts of 1901, that if the person claiming any State tax to be invalid shall pay the same to the sheriff, he may at any time within 30 days after payment, demand the same in writing from the State Treasurer and if the same shall not be refunded in 90 days, he may sue the county in which such tax was collected, are mandatory and the statutory remedy exclusive.

ACTION by M. F. Teeter against N. W. Wallace, Sheriff of Mecklenburg County, heard by *Judge O. H. Allen* and a jury, on appeal from a justice of the peace, at the January Term, 1905 of the Superior Court of MECKLENBURG County.

Plaintiff sued defendant before a justice of the peace to recover the sum of $25, the amount of taxes illegally collected by defendant as sheriff. From judgment against plaintiff, he appealed to the Superior Court. At the trial in the latter court plaintiff in his own behalf testified: "That in March 1904, defendant as sheriff of Mecklenburg County, demanded of him the sum of $25,. license tax for carrying on the business of a dealer in horses and mules under Section 35 of Chapter 247 Acts of 1903; he insisted that he was not liable for the tax, and thereupon the sheriff seized a mule, the property of the plaintiff, for the purpose of collecting the same; plaintiff, in order to secure the release of the mule, asked the sheriff if he would permit him to deposit the sum of the $25, the amount claimed for the tax. That the sheriff consented thereto and received the sum of $25 upon the terms set out in the following receipt or paper writing, to-wit: "March 12, 1904. Received of M. F. Teeter $25. This money is left with me for the following purposes: I, as sheriff of Mecklenburg County, have levied on one mule of the said M. F. Teeter for a tax known as the license tax for selling horses etc., and the said M. F. Teeter pays the money under protest, reserving the right to test by law the validity of my requiring him to pay said tax. And I hereby consent to M. F. Teeter's reserving the right to test the validity of requiring him to pay this tax. N. W. Wallace, Sheriff." The sheriff thereupon released the mule and turned him over to the plaintiff. The plaintiff then offered evidence tending to show that he was not engaged in dealing in horses or mules, and that he was not liable for the tax. Defendant objected to this evidence, the court sustained the objection and the plaintiff excepted. It was admitted that the sheriff had paid the tax of $25 over to the State Treasurer before the commencement of this action.

Defendant demurred to the evidence. The court being of the opinion that the plaintiff could not recover, sustained

the demurrer and non-suited the plaintiff. Plaintiff excepted and appealed.

*Spence & Newell* and *T. C. Guthrie* for the plaintiff.
*Burwell & Cansler* for the defendant.

WALKER, J., after stating the facts: We do not see upon what ground the plaintiff is entitled to recover in this action. That the money he paid to the sheriff should be refunded to him, if he was not liable for the tax, is admitted, but he cannot recover it otherwise than is provided by law. He must resort to the remedy which has been prescribed for his case, as it is sufficient for the purpose of vindicating his right. The tax imposed by section 135 Chapter 247 Acts 1903, is a State tax and is required to be paid to the State Treasurer, as other taxes of a like kind are paid. By Section 87 the sheriff is given authority to levy upon real and personal property for the purpose of collecting the tax when the person liable therefor fails to pay the same and by section 84 Chapter 251 Acts 1903 (Machinery Act) he is required to make a return to the State Auditor the first of each month of all taxes or license fees received by him during the next preceding month and within ten days thereafter to pay the same to the State Treasurer.

In conformity with the provisions of the law just recited and for the protection of the sheriff or tax collector, it is provided by Section 30, Chapter 558, Acts 1901, that in every case if the person or persons claiming any tax or any part thereof, to be for any reason invalid, shall pay the same to the sheriff, he may at any time within thirty days after such payment, demand the same in writing from the Treasurer of the State, when it is a State tax, and, if the same shall not be refunded within ninety days thereafter, he may sue the county in which such tax was collected for the amount thereof and if it is determined that the tax was for any reason in-

valid, he shall have judgment therefor with interest, and execution to enforce its payment. This is a plain and adequate remedy and the provisions of the statute have been construed by this ourt to be mandatory and the statutory remedy to be exclusive, so far at least as the recovery of the tax, which has been paid, is concerned.

Since the decision in the case of *Huggins v. Hinson*, 61 N. C., 126, it has been held that taxes collected by a sheriff under a tax list, such as taxes assessed upon property, could not be recovered in a suit against him, though they may have been illegally exacted, as relief in such a case must be sought from the statutory tribunal appointed to hear and determine such matters; but as to taxes collected by the sheriff under Schedule B, when it is left to his judgment to decide whether a tax is due or not in a particular case and what amount is due, if he collects when no tax is due or collects more than is due, the remedy at common law was to pay under protest and recover back the amount so paid in an action for money had and received. The Act of 1901 (and prior enactments) changed the law in this respect and substituted the statutory remedy for that of the common law, proceeding upon the just and reasonable ground that, as the sheriff is merely an agent in collecting the tax and has no interest therein except the commission he receives for his services, the State and the county are really the only parties interested in defending. the suit for the recovery of the taxes paid to the sheriff.

There is another good reason for the enactment of such a law. The sheriff is required to make regular monthly reports to the auditor and regular monthly settlements with the Treasurer in respect to the license taxes or.fees collected by him, and it would be manifestly unjust to expose him to a suit by the tax payer after he had settled with the treasurer. No harm will be done the tax payer, as he can proceed under the Act and have his money refunded to him, and the remedy thus afforded is quite as expeditious and effect-

ual as would be a suit against the sheriff. It may be added that if the law should permit an action to lie against the sheriff, it would tend greatly to obstruct the State in the execution of the Revenue Laws. There is every reason therefore why we should give the act a liberal construction, it being remedial in its nature, and it is necessary to declare it to be mandatory in order to carry out the intention of the legislature. The tax payer is restricted to the remedy provided by the statute and, in order to avail himself of it, he must make the demand and bring his action as therein required. *Wilson v. Green,* 135 N. C., 343; *McIntire v. Railroad,* 67 N. C., 278; *Hilliard v. Asheville,* 118 N. C., 845. The subject is so fully considered in the cases of *Railroad v. Reidsville,* 109 N. C., 494; and *Hatwood v. Fayetteville,* 121 N. C., 207, that it is hardly necessary to prolong the discussion. In the former case the tax was alleged to be invalid and in the latter the plaintiff claimed that he was not liable for the tax, as his property was not within the corporate limits of the town. He did not dispute the validity of the tax but contended that he was not of the class upon which it could be imposed. That is precisely our case. In both cases it was held that the plaintiff could not recover. Even if the plaintiff had sued the County, as there is no proof that he made the necessary demand and brought his action within ninety days after the refusal of payment, he could not recover. *Chemical Co. v. Board of Agriculture,* 111 N. C., 135. But the plaintiff must fail in the present suit because the sheriff, as we have shown, it not liable to him upon the cause of action set forth in his complaint.

We cannot adopt the construction placed by the learned counsel of the plaintiff upon the receipt given by the sheriff to the plaintiff. He did not promise thereby to hold the money until the controversy as to his liability was settled, but the paper was given merely to save the rights of the plaintiff, and as evidence of his protest against liability for the tax and

of his purpose to contest the same, not with the sheriff, but in the manner provided by law. It seems to have been care-fully worded for the purpose of expressing that idea and clearly refers to the ·statutory remedy. There is nothing in it to indicate an intention that the sheriff should retain the money or that he would be sued for the same.

In any view of the case, the court below was right in non-suiting the plaintiff.

No Error.