E. F. MIDDLETON, EDWIN MEDLOCK, JOHN MALLARD, INEZE DRAKE, ET AL., v. WILMINGTON, BRUNSWICK & SOUTHERN RAILROAD COMPANY.

(Filed 10 May, 1944.)

Taxation § 38c—

> Taxes paid voluntarily and without objection or compulsion cannot be recovered, even though the tax be levied unlawfully. A compliance with G. S., 105-403, is a prerequisite to a right of action for the recovery of taxes or any part thereof.

APPEAL by claimant, Machine Tool & Equipment Corporation, from Burney, J., at October Term, 1943, of NEW HANOVER.

This is a receivership proceeding, instituted in 1933.

On 26 May, 1933, the United States of America, through the then Undersecretary of the Treasury, made and filed its proof of claim with the receiver of the Wilmington, Brunswick & Southern Railroad Company, in the sum of $90,000.00, evidenced by a promissory note, dated

MIDDLETON *v.* R. R.

15 January, 1921, payable five years after date, extended by agreement to 15 January, 1928. The claim included accrued and unpaid interest from 1 January, 1930, to 10 April, 1933, in the sum of $17,676.80, a total of $107,676.80, which indebtedness was secured by the hypothecation of First Mortgage Bonds in the principal sum of $168,000.00 issued by the Wilmington, Brunswick & Southern Railroad Company, 1 January, 1911.

The appellant, Machine Tool & Equipment Corporation, purchased this claim from the United States of America, on 22 April, 1943, and filed with the receiver a supplemental proof of claim as assignee of the claim of the United States of America, dated 29 June, 1943.

The indebtedness of the Wilmington, Brunswick & Southern Railroad Company and the receiver, on 18 February, 1943, exceeded the sum of $213,000.00.

A referee was appointed 18 February, 1943, to hear and pass upon all claims against said Railroad Company, and to determine the priorities thereof. Among the claims considered by the referee were those of Brunswick County and the town of Southport, for unpaid taxes, penalties and interest, duly assessed on the property and franchise of the railroad, during the years 1930 to 1943, inclusive. A claim for taxes due Brunswick County, including penalties and interest, aggregating $10,875.65, was allowed. A claim for taxes due the town of Southport, including interest and penalties, aggregating $1,107.16, was allowed.

All the assets of the said Railroad Company were sold at public auction pursuant to an order of court, for the sum of $72,500.00, to the appellant or its assignee, except $4,000.00 of real estate situate in the town of Southport, and the sale was confirmed at the August Term, 1943, of the Superior Court of New Hanover County, by his Honor, Burney, Judge.

A hearing on the report of the referee and the exceptions filed thereto by the appellant, was held before his Honor, Burney, J., 22 October, 1943, and on said date the court signed an order, overruling the exceptions and confirmed and approved the findings of fact and conclusions of law of the referee in respect to the allowance of the aforesaid claims.

The Machine Tool & Equipment Corporation excepted to the order of the court approving the tax claims of the county of Brunswick and town of Southport, and appealed to the Supreme Court.

*Irwin Geiger for appellant, Machine Tool & Equipment Corp.*

*E. J. Prevatte for appellee, Brunswick County.*

*J. W. Ruark for appellee, town of Southport.*

DENNY, J. The appellant contends that the court, notwithstanding the provisions of G. S., 105-403; C. S., 7976, should not have allowed that portion of the respective claims for taxes filed by the county of Brunswick and the town of Southport which consisted of penalties and interest accrued on taxes assessed prior to receivership and which accumulated during the period when the property so assessed was in the custody of the court.

Upon the threshold of this appeal we are confronted with motions, interposed in this Court on behalf of the county of Brunswick and the town of Southport, to dismiss the appeal, on the ground that the question purported to be presented to the court is moot. The motions are based upon the following, which appears in the agreed statement of the case on appeal: "Immediately after the rendition (of the order) of Burney, J., dated 22nd October, 1943, the appellant paid to Brunswick County and the City of Southport their entire claims for taxes, interest and penalties and the costs of this action."

It does not appear of record that the taxes, penalties and interest, involved herein, were paid under protest or that the appellant has complied with the provisions of the statute, G. S., 105-406; C. S., 7979, which is a prerequisite to a right of action for the recovery of taxes or any part thereof. *Hunt v. Cooper,* 194 N. C., 265, 139 S. E., 446; *Blackwell v. Gastonia,* 181 N. C., 378, 107 S. E., 218; *Teeter v. Wallace,* 138 N. C., 264, 50 S. E., 701; *R. R. v. Reidsville,* 109 N. C., 494, 13 S. E., 865. Taxes paid voluntarily and without objection or compulsion cannot be recovered, even though the tax be levied unlawfully. *Maxwell, Comr. of Revenue, v. Hans Rees' Sons,* 199 N. C., 42, 153 S. E., 850.

In view of the disclosure in the record to the effect that the appellant has paid the taxes, penalties and interest involved herein, in the absence of a showing that the appellant has preserved its right to maintain actions for the recovery of the portion of the taxes to which it might be entitled, in the event of a favorable determination of the question presented, the motions to dismiss must be allowed.

Appeal dismissed.