MARIE S. KIRKPATRICK, MARGARET S. HAYES, AND J. H. PEARSON, Co-ADMINISTRATORS OF ESTATE OF N. B. SMITHEY, DECEASED v. JAMES S. CURRIE, COMMISSIONER OF REVENUE OF NORTH CAROLINA.

(Filed 29 April, 1959.)

**1. Constitutional Law § 23—**

An opportunity to be heard as an essential of due process applies with respect to an asserted tax liability.

**2. Constitutional Law § 24:     Taxation § 38c—**

Statutory provision precluding injunction against the collection of a tax unless assessed for an illegal or unlawful purpose, but permitting the taxpayer to pay a tax under protest and bring action to recover the monies so paid, accords the taxpayer due process and is constitutional. G.S. 105-267, G.S. 105-406.

**3. Taxation § 38c—**

A taxpayer electing to pursue the remedy provided by G.S. 105-267 must comply with the conditions precedent set forth in the statute for the institution of an action to recover the tax, and if the taxpayer fails to allege and prove demand for refund of the monies paid within thirty days after payment nonsuit is proper, since failure to make such demand forfeits the right to institute the action.

**4. Same:     Taxation § 38d—**

An action for the recovery of a tax paid under protest, originated in the Superior Court, without compliance with the conditions precedent to the institution of such action, cannot be maintained under the provisions of G.S. 105-266.1, since this statute provides an alternative remedy if the taxpayer elects to seek administrative review instead of instituting action to recover the monies paid, and relates solely to proceedings begun by request for administrative review.

APPEAL by plaintiffs from *Preyer, J.,* September 1958 Term of WILKES.

On 16 December 1941 N. B. Smithey executed deeds to his daughters Margaret S. Hayes and Mattie S. Kirkpatrick conveying lands in Wilkes County. One deed recites a consideration of one dollar "and other consideration," the other, $100 "and other valuable considerations." The deed to Mrs. Hayes was recorded 8 September 1953, after the death of Mr. Smithey. The deed to Mrs. Kirkpatrick was recorded in October 1951.

Plaintiffs filed Federal Estate Tax and North Carolina Inheritance Tax returns. They did not include in the returns the properties described in those deeds.

In July 1955 the Federal tax authorities imposed additional estate taxes based in part on the contention that the deeds dated in 1941 were deeds of gift and because not recorded in two years were void. (G.S. 47-26) The land described in each deed was valued at $35,000. Plaintiffs, asserting the validity of the conveyances of 1941, because based on valuable considerations, paid the Federal tax and sued to recover. *Kirkpatrick v. Sanders,* 261 F. 2d 480.

Plaintiffs, without waiting for notice of an assessment of additional inheritance taxes, on 19 July 1955 paid to the Commissioner of Revenue additional inheritance taxes in the amount of $18,353. Of the sum so paid, $13,395.66 was admittedly owing. The remainder, $4,-

957.34, representing the amount of tax owing if the land described in the 1941 deeds was a part of Mr. Smithey's estate, was paid by check on which was written: "Paid under Protest by the administrators for that the tax assessed is not a part of the estate of N. B. Smithey." This check was paid by drawee bank on 28 July 1955.

On 20 February 1957 counsel for plaintiffs wrote a letter to the Commissioner of Revenue and referred to the payment made under protest in July 1955. In concluding his letter he said: "We are writing this letter to make formal demand for re-payment of that amount of tax."

This action was brought to collect the amount paid under protest. At the conclusion of plaintiffs' evidence defendant moved to nonsuit. The motion was allowed and plaintiffs, having excepted, appealed.

*Hayes & Hayes for plaintiff, appellants.*
*Attorney General Seawell and Assistant Attorney General Abbott for defendant, appellee.*

RODMAN, J.   We must determine plaintiffs' right to maintain the action before looking at the evidence to ascertain if any was offered to show the deeds of 1941 were based on valuable consideration.

The constitutional provisions guaranteeing due process (N. C. Const. Art. I, sec. 17, U. S. Const., 14th Amend.) are mandatory and require an opportunity to be heard with respect to asserted tax liability. *Bowie v. West Jefferson,* 231 N.C. 408, 57 S.E. 2d 369.

The taxpayer asserting nonliability may be afforded constitutional protection by either administrative or judicial review. Where not prohibited by statute, judicial action may be sought in equity to enjoin the levy, *Worth v. Commissioners,* 60 N.C. 617; or at law to recover taxes paid under protest, *Huggins v. Hinson,* 61 N.C. 126.

The Legislature in 1887, by s. 84, C. 137, provided that no court should enjoin the collection of a tax unless assessed for an illegal or unlawful purpose. This statute authorized payment of the tax under protest with the right to sue to recover the amount paid, if upon demand made within thirty days the tax was not refunded.

This statutory provision has in substance been brought forward in all subsequent codifications of our statute laws. Rev. 821 and 2855, C.S. 858 and 7979, G.S. 105-267 and 105-406.

This statute permitting payment to be made under protest with a right to bring an action to recover the monies so paid is constitutional and accords the taxpayer due process. *R.R. v. Lewis,* 99 N.C. 62; *Mace v. Commissioners,* 99 N.C. 65; *Henrietta Mills v. Rutherford County,* 281 U.S. 121, 74 L.Ed. 737.

The right to sue to recover is a conditional right. The terms prescribed are conditions precedent to the institution of the action. Plaintiffs must allege and prove demand for refund made within thirty days after payment. A failure to make such demand forfeits the right. *R.R. v. Reidsville,* 109 N.C. 494; *Uzzle v. Vinson,* 111 N.C. 138; *Hatwood v. Fayetteville,* 121 N.C. 207; *Bristol v. Morganton,* 125 N.C. 365; *Teeter v. Wallace,* 138 N.C. 264; *Blackwell v. Gastonia,* 181 N.C. 378, 107 S.E. 218; *Power Co. v. Clay County,* 213 N.C. 698, 197 S.E. 603; *Williamson v. Spivey,* 224 N.C. 311, 30 S.E. 2d 46.

Plaintiffs elected to pay on 19 July 1955 without requiring notice and assessment, but under protest. They made no demand for refund until February 1957.

Manifestly this action cannot be maintained under G.S. 105-267, nor can it, we think, be maintained, as plaintiffs argue, under the provisions of G.S. 105-266.1. That statute, by express language, relates to proceedings begun by request for administrative review. It was enacted in 1957 and is a part of s. 10, C. 1340, S.L. 1957. It is an extension and enlargement of the policy declared by the Legislature in 1949, C. 392, S.L. 1949 (G.S. 105-241.1). This policy is predicated on the theory that an administrative hearing may be preferred by the taxpayer to an action at law to determine liability for the tax. In 1955 this idea was expanded to permit an appeal from the Commissioner's decision to a Tax Review Board. C. 1350, S.L. 1955. Proceedings so initiated may ultimately find their way to the courts. Here no hearing was requested or held. The action originated in the Superior Court.

The taxpayer was not compelled to seek administrative hearings or review. He was accorded the right provided by G.S. 105-267 to pay under protest and sue to recover if his demand for refund was not complied with.

Sec. 10, C. 1340, S.L. 1957, amending Art. 9, schedule J. of the Revenue Act (C. 105 of the General Statutes), not only added what is now G.S. 105-266.1, but amended G. S. 105-267. Significantly, it did not change the requirement that demand for refund be made in thirty days if the taxpayer intended forthwith to seek judicial review rather than a hearing by the Commissioner as permitted by G.S. 105-266.1

Plaintiffs had a right to choose which course they would pursue. Having chosen, they are bound by the limitations fixed for that route. Not having made the demand within the time fixed by the statute, they have failed to establish a right to recover. The judgment of nonsuit is

Affirmed.