BEVERLY A. STENHOUSE, ON BEHALF OF HERSELF AND ALL OTHER SIMILARLY SITUATED v. MARK G. LYNCH, SUCCESSOR IN OFFICE TO J. HOWARD COBLE, SECRETARY OF REVENUE FOR THE STATE OF NORTH CAROLINA

No. 7710SC646

(Filed 18 July 1978)

**Taxation § 38— payment of tax—no timely request for refund**
   State income tax paid by plaintiff on unemployment compensation could not be recovered where plaintiff paid voluntarily and without compulsion, even if the taxes were levied unlawfully, in the absence of plaintiff's demand for refund within thirty days after payment, pursuant to G.S. 105-267.

APPEAL by plaintiffs from *Smith (Donald L.), Judge.* Judgment entered 1 July 1977 in Superior Court, WAKE County. Heard in the Court of Appeals 3 May 1978.

Class action brought on behalf of named plaintiff and others similarly situated who received and paid North Carolina income taxes on unemployment compensation during the years 1973, 1974 and 1975, seeking refund of said income taxes.

The case was submitted for trial on stipulated facts and briefs. The trial court, on its own motion, entered judgment

dismissing the action pursuant to Rules 12(b)(6) and 12(h) of the North Carolina Rules of Civil Procedure, for failure of plaintiffs to allege and prove compliance with G.S. 105-267.

Plaintiffs appealed.

*Davis & Postlethwait, by Raymond W. Postlethwait, Jr. for plaintiffs.*

*Attorney General Edmisten, by Assistant Attorney General William H. Boone, for defendant.*

BROCK, Chief Judge.

G.S. 105-267 is applicable to the tax collection of which plaintiffs complain, and provides (as written when this action was instituted) in pertinent part as follows:

> "Whenever a person shall have a valid defense to the enforcement of the collection of a tax assessed or charged against him or his property, such person shall pay such tax to the proper officer, and such payment shall be without prejudice to any defense of rights he may have in the premises. At any time within 30 days after payment, the taxpayer may demand a refund of the tax paid in writing from the Secretary of Revenue of the State, if a State tax, or if a county, city or town tax, from the treasurer thereof for the benefit or under the authority or by request of which the same was levied; and if the same shall not be refunded within 90 days thereafter, may sue the Secretary of Revenue or the county, city or town, as the case may be, in the courts of the State for the amount so demanded."

The Supreme Court, in *Kirkpatrick v. Currie*, Commissioner of Revenue, 250 N.C. 213, 108 S.E. 2d 209 (1959), interpreted the requirements of the statute as follows:

> "The right to sue to recover is a conditional right. The terms prescribed are conditions precedent to the institution of the action. Plaintiffs must allege and prove demand for refund made within thirty days after payment. A failure to make such demand forfeits the right. (Citations omitted.)" 250 N.C. at 216, 108 S.E. 2d at 211.

Plaintiffs contend that equity would require the Court to look beyond the requirements set out above and reach the substance of plaintiffs' allegations as to the illegality of the tax. Plaintiffs argue that although an individual taxpayer would be required to make proper demand, it would be impractical to so require of a large class of taxpayers. Plaintiffs' argument is premised upon the possibility that a large number of the class might be able to sue for refund of taxes paid in 1973, 1974 and 1975. However, there is nothing in the record which so indicates.

There would appear to be no danger of a multiplicity of suits by members of the class represented by the individual plaintiff to recover taxes paid in 1973, 1974 and 1975, since it would appear that no member of the class made the requisite demand for refund. Thus *Gramling v. Maxwell*, 52 F. 2d 256 (W.D.N.C. 1931), upon which plaintiffs rely, is distinguishable. In that case, equitable jurisdiction was invoked to enjoin the collection of an unconstitutional tax from a class of plaintiffs where a refusal to enjoin the tax would necessarily have resulted in a multiplicity of suits at great burden and expense to the parties.

Without commenting upon the merits of plaintiffs' claims, we note that the taxes complained of cannot be recovered where paid voluntarily and without compulsion even though the taxes were levied unlawfully, in absence of demand for refund in compliance with the statute. *See Middleton v. R.R.*, 224 N.C. 309, 30 S.E. 2d 42 (1944). Even if plaintiffs paid their taxes under a mistaken belief that it was necessary, their payment is deemed voluntary and they cannot recover, absent timely demand for refund. 72 Am. Jur. 2d, State and Local Taxation, § 1087.

We find no abuse of discretion, as argued by plaintiffs, in the trial court's action, *ex mero motu*, dismissing plaintiffs' claim pursuant to Rules 12(b)(6) and 12(h)(2) of the North Carolina Rules of Civil Procedure. The judgment of the trial court dismissing the action is

Affirmed.

Judges CLARK and WEBB concur.