ALLETHAIRE L. ROTAN ET AL. v. THE STATE OF NORTH CAROLINA.

(Filed 7 March, 1928.)

**1. Courts—Federal Courts—Jurisdiction of Inheritance Tax Levied by State.**

The decision of the Supreme Court of the United States holding an inheritance tax invalid controls that of the State court upon the question when the tax is an inheritance or transfer tax upon shares of stock of a deceased nonresident testator held in a foreign corporation doing business in this State, and having transfer books here, when the shares and the devisees are beyond the jurisdiction of our courts.

**2. Courts — Supreme Court — Original Jurisdiction — When May Be Invoked—Inheritance Taxes.**

When the nonresident executors of a testator have failed to proceed in the Superior Court, C. S., 7979, to recover an amount they have paid as an inheritance tax to the State of North Carolina, under the provisions of C. S., 7776, the method by which the Legislature has authorized the State

to be sued is exclusive, and the recommendatory original jurisdiction given by the Constitution, Art. IV, sec. 9, to the Supreme Court may not be invoked. C. S., 1410.

**3. State—Claim Against the State—State Must Consent to Action.**

Subject to rare exceptions, the State alone has the authority, through its Legislature, to authorize a suit against it, or to allow a claim and provide the method for its payment.

**4. State—Claims Against the State—Nature in General.**

An action to recover moneys paid to the State as an inheritance tax on the order of the State Tax Commission, a political agency of the State, is a suit against the State.

THIS is a proceeding to enforce a claim against the State of North Carolina for the sum of $17,909.62, with interest thereon from 2 December, 1920. The original jurisdiction of this Court, conferred by section 9 of Article IV of the Constitution of North Carolina, is invoked with respect to said claim.

Claimants filed their complaint in the office of the Clerk of this Court on 10 April, 1927. An answer to said complaint was filed thereafter by the Attorney-General on behalf of the State. The proceeding has been heard and considered by this Court upon the pleadings.

The nature and grounds of the claim for the enforcement of which the proceeding has been instituted in this Court, are set out in the complaint, as required by statute, C. S., 1410. All the material facts upon which the claim is founded are admitted in the answer. No issue of fact is raised by the pleadings.

Claimants have begun this proceeding and prosecute the same in this Court as executors of George W. Elkins, deceased. Their testator, at the date of his death, to wit, 23 October, 1919, was a resident and citizen of the State of Pennsylvania. At no time during his life had he been a resident or citizen of the State of North Carolina, or domiciled therein. He owned, at the date of his death, certificates of stock in, and securities issued by, the R. J. Reynolds Tobacco Company, a corporation created by, and existing under the laws of the State of New Jersey, but doing business in the State of North Carolina. No part of his estate, real or personal, was situate in the State of North Carolina. By his last will and testament, which was duly probated in the State of Pennsylvania, in accordance with the laws of said State, the said George W. Elkins bequeathed the certificates of stock in and securities issued by the R. J. Reynolds Tobacco Company to legatees named therein. None of these legatees are residents of or domiciled in the State of North Carolina. The certificates of stock and securities bequeathed in his last will and testament were held by the said George W. Elkins, at the time of

his death, in safety deposit boxes of banks and trust companies situate in the State of Pennsylvania.

After the death of George W. Elkins, and after claimants herein had qualified as executors of his last will and testament, as required by the laws of the State of Pennsylvania, the State Tax Commission of North Carolina notified the R. J. Reynolds Tobacco Company, at its office in the city of Winston-Salem, N. C., that the State of North Carolina demanded the payment of an inheritance tax upon the stock and securities of said company bequeathed by the said George W. Elkins in his last will and testament, before said stock and securities were transferred on the books of said company, or before any dividends on said stock or interest on said securities were paid to the executors or to any one claiming under them. The said Tax Commission further demanded of the said executors that they furnish to the said Commission information required for the assessment of said inheritance or transfer tax. Pursuant to said demand, the said executors, protesting that the estate of their testator was not liable to the State of North Carolina for said tax, upon forms prescribed by said Tax Commission, furnished the information required. The said Tax Commission thereafter assessed the amount of said tax as claimed by it, at $17,909.62, and demanded the payment of said sum by said executors.

On 30 November, 1920, the executors of George W. Elkins, through their attorney, sent to the State Tax Commission of North Carolina, by mail, their check in payment of said tax. This check was received on 2 December, 1920, and a receipt acknowledging payment of the tax was thereafter duly forwarded to the executors. No protest in writing was made by said executors at the time said tax was paid, nor was any demand made by them for the return of said sum, prior to the commencement of this proceeding in 1927.

Accompanying said check was a letter addressed to the State Tax Commission, signed by the attorney for the said executors, in words as follows:

"*In re* Estate of George W. Elkins. I beg to acknowledge receipt of your statement of 23d inst., showing tax to be due to the State of North Carolina in the sum of $17,909.62.

"I herewith enclose the check of the executors to the order of the Commission for the amount of the taxes stated, and I will be obliged if you will forward to me consents for the transfer of all the North Carolina assets as noted in the return at your earliest convenience."

Claimants herein, as executors of George W. Elkins, in their complaint filed in this proceeding, allege that the State of North Carolina

was without power to demand and collect any part of said tax from the estate of George W. Elkins on the stock and securities held by said estate in the R. J. Reynolds Tobacco Company, and that the assessment and collection of said tax was wrongful and illegal, for that the statute of the State of North Carolina, under which the said assessment and collection were made, was invalid. Claimants further allege that the collection of said tax was a taking of the property of said estate by the State of North Carolina without due process of law.

The State, by its demurrer *ore tenus* to the complaint, contends that this Court has no jurisdiction of this proceeding, under section 9, Article IV of the Constitution of the State, for that an action to recover the amount paid by claimants as a tax, upon the ground that said tax was wrongfully and illegally assessed and collected, was within the exclusive jurisdiction of the Superior Court, by virtue of the statute providing for such action against the State or its officer for the recovery of a sum illegally collected as a tax; the consent of the State to be sued in the action having been expressly given by statute.

Upon consideration of the demurrer *ore tenus* upon this ground, the Court was of opinion that it should be sustained for the reasons set out in the opinion below. The proceeding is therefore dismissed.

*Manning & Manning for claimants.*

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

CONNOR, J. The sum paid by claimants as executors of George W. Elkins, deceased, and received by the State of North Carolina, as admitted in the pleadings herein, was assessed and collected by the State Tax Commission as an inheritance tax or transfer tax due by said executors to the State of North Carolina, by virtue of the provisions of C. S., 7776. This sum was paid and collected on 2 December, 1920. In *Trust Co. v. Doughton,* 187 N. C., 263, decided at Spring Term, 1924, this Court held that said statute was valid, and that by virtue of its provisions the tax collected from the plaintiff in that case, as executor, was a lawful tax, and that plaintiff, suing to recover the same in the Superior Court upon the allegation to the contrary, as authorized by statute, could not recover. The question presented for decision, as stated in the opinion of this Court, was, whether the Legislature of this State can impose an inheritance or a transfer tax upon the right of nonresident legatees or distributees to take by will, or to receive under the intestate laws of another State, from a nonresident testator or intestate, shares of stock in the R. J. Reynolds Tobacco Company, and can require the payment of such tax as a condition precedent to the right to have said stock trans-

ferred on the books of the corporation. This question was answered in the affirmative, and in accordance with said decision the judgment of the Superior Court was affirmed. The judgment of this Court, however, was reversed, on a writ of error, by the Supreme Court of the United States. *Trust Co. v. Doughton,* 270 U. S., 69, 70 L. Ed., 475. It was there held that the statute under which the tax was assessed and collected was invalid, upon the principle that the subject to be taxed must be within the jurisdiction of the State, assessing and collecting the tax, and that this principle applies as well in the case of a transfer tax as in that of a property tax. Claimant's contention made in this proceeding that the tax assessed and collected from them as executors of George W. Elkins, by the State of North Carolina was unlawful, for that it was not authorized by a valid statute, must be sustained. It must be held, now, since the decision of the Supreme Court of the United States, in *Trust Co. v. Doughton,* that the State Tax Commission was without authority to demand of claimants herein payment of the sum of $17,909.62, on 2 December, 1920, as an inheritance or transfer tax.

Claimants, however, had the right, conferred by statute, in accordance with its provisions, to bring an action in the Superior Court of this State to recover the sum paid pursuant to the demand of the State Tax Commission. Upon facts identical with the facts of this case, plaintiff in *Trust Co. v. Doughton, supra,* brought an action in the Superior Court, as authorized by statute, and recovered judgment therein against the State. Claimants failed to bring such action, and now that they have lost the right to maintain the action, they invoke the original jurisdiction of this Court with respect to their claim. They pray that this Court adjudge that they have a legal claim against the State for the sum of $17,909.62, with interest from 2 December, 1920; they pray that this Court recommend to the General Assembly of North Carolina that provision be made for the settlement of their claim.

Original jurisdiction is conferred upon this Court with respect to claims against the State, by the Constitution. It is expressly provided therein, however, that its decisions shall be merely recommendatory; no process in the nature of execution shall issue thereon. This Court renders no judgment in a proceeding in which this jurisdiction is invoked, nor has it power to enforce its decision made in such proceeding by process in the nature of execution. It decides only whether but for the exemption of the State from suit or action, by reason of its sovereignty, the claim would be valid and enforceable, in law, against the State; its decision, if favorable to the contentions of claimant, is transmitted to the General Assembly for its action upon the recommendation of the Court. The General Assembly alone has the power to determine that a claim against the State shall be paid or settled, and to provide by appro-

priation or otherwise for the payment or settlement of the claim. Every person who enters into a contract with the State, or who has any transaction with the State, or with any of its agencies, does so with knowledge that he has no right of action against the State to enforce such contract or to recover of the State by reason of such transaction. With respect to claims against the State, which may be presented to this Court, by proper proceedings, for its decision thereon, the State has not waived its exemption by reason of its sovereignty, from suit or action in any of the courts of the State. It is well settled that a State cannot be sued in its own courts, or in any other courts, unless it has expressly consented to such suit or action, except in the limited class of cases in which a State may be made a party in the Supreme Court of the United States, by virtue of the original jurisdiction conferred on that Court by the Constitution of the United States. 25 R. C. L., 412. Nor can a commission or board, created by statute, as an agency of the State, be sued. *Dredging Co. v. The State,* 191 N. C., 243; *Carpenter v. R. R.,* 184 N. C., 400. It is manifestly in recognition of this principle that original jurisdiction is conferred upon the Supreme Court of this State, with respect to claims against the State; the jurisdiction, however, is clearly defined and carefully limited by the provisions of the Constitution. Neither the State nor the General Assembly is bound by any decision made by this Court, with respect to a claim against the State, whether such decision be favorable or unfavorable to the claimant. Our decisions are merely recommendatory. They may be accepted or rejected by the General Assembly, which alone has the power to determine whether or not the claim is just, or whether or not a sound public policy requires that it shall be paid or settled.

At the time claimants herein, as executors of George W. Elkins, deceased, paid to the State Tax Commission the sum of money which they now insist the State should repay to them, for the reason that they were not liable for the tax assessed and collected by the State Tax Commission the State had expressly consented that an action might be brought and maintained in its courts for the recovery of the same, upon the allegation that the State was without power to require the payment of said sum as a tax; with respect to such action, the State had waived its exemption from suit or action by reason of its sovereignty. Statutes to that effect were then and have at all times since been in full force and effect. Actions have been repeatedly brought against the State or its agencies, by virtue of these statutes, and judgments have been rendered in such actions against the State. The Superior Courts of the State had ample jurisdiction with respect to an action by claimants herein to recover of the State or its agency, the Tax Commission, the money paid by them on 2 December, 1920. Claimants did not avail

themselves of the right, conferred by statute, to bring such action. The fact that they have lost their right to recover said sum in an action against the State, prosecuted in the Superior Court, furnishes no ground upon which they are entitled to invoke the original jurisdiction of this Court, with respect to their claim. This Court, in the exercise of its original jurisdiction, conferred by the Constitution, will hear and consider a claim against the State only where the claimant has, or has had, no right of action against the State to recover upon his claim in a court of competent jurisdiction, by the consent of the State, expressly conferred by statute, to render final judgment against the State upon such claim and to enforce such judgment by process in the nature of execution. The jurisdiction of this Court, by virtue of which it may decide only issues of law involved in a claim against the State, its decisions then being only recommendatory, cannot be invoked by a claimant who has failed or neglected to pursue a remedy authorized by statute, which would have afforded him complete relief. Such remedy is exclusive.

For the reasons stated in this opinion the proceeding is

Dismissed.