GARYSBURG MANUFACTURING COMPANY v. BOARD OF COMMIS-
SIONERS OF THE COUNTY OF PENDER.

(Filed 20 March, 1929.)

1. **Taxation—Levy and Assessment—Mode of Assessment of Corporate Stock, Property or Receipts—State Board of Assessment—Recovery of Tax Paid—Procedure.**

Where a corporation under the provisions of the Machinery Act, Public Laws of 1925, ch. 102, submits its report to the State Board of Assessment and the board in accordance with the statute certifies to the register of deeds of the county where the property is situated the corporate excess liable for local taxation, the exclusive remedy of the corporation if dissatisfied with the report of the board is to file exceptions with the board in accordance with the statute, with the right of appeal from the board upon a hearing by it, and the corporation may not pay the tax under protest and seek to recover it under the provisions of C. S., 7979.

2. **Same—State Board of Assessment—Quasi-Judicial Functions.**

The State Board of Assessment exercises a *quasi*-judicial function in settling an account on valuation of corporate property liable for local taxation, and the method provided by the statute for assessment and appeal from the assessment in the exercise of this function is constitutional and must be followed, and, *Held*, in the instant case the Board of Assessment reported results of the appraisement and did not report the individual items upon which the appraisement was made, and the appraisement of the value of the stock held in a foreign corporation was not so separated from the other property as to permit a variation of this rule.

APPEAL by defendant, board of commissioners of the county of Pender, from *Sinclair, J.*, at May Term, 1928, of PENDER. Reversed.

It was agreed that a jury trial be waived and that the court below find the facts and enter the judgment thereon, out of term and out of the county of Pender.

The plaintiff, the Garysburg Manufacturing Company, is a corporation organized under the laws of the State of North Carolina, with its principal place of business at Burgaw, in the county of Pender, at which place it was conducting a lumber manufacturing establishment. Having practically sawed up all of its timber holdings in North Carolina, it organized a South Carolina corporation, called the Argent Lumber Company, with its principal office and place of business in the town of Hardeeville, South Carolina, in the county of Jasper, in that State.

The Argent Lumber Company was organized and is owned by the same stockholders as the Garysburg Manufacturing Company—$225,000 of the assets of the North Carolina company were invested in the capital stock of the South Carolina corporation. The South Carolina corporation is located where it had timber holdings, mill, etc.

The plaintiff, Garysburg Manufacturing Company, was such a corporation as was required by section 12, Machinery Act of 1925, Public Laws, ch. 102, to make reports to the State Board of Assessment, in order that that body might estimate and fix the value of the property belonging to such corporation, in accordance with the provisions of that section. It did make such report and, after considering the report, the State Board of Assessment, acting under section 15 of the Machinery Act of 1925, certified to the register of deeds of Pender County, the corporation excess of the plaintiff, the Garysburg Manufacturing Company, for local taxation at $210,243. In doing so, the State Board of. Assessment estimated the value of the stock owned by the plaintiff in the Argent Lumber Company and included such value in the total amount of the value of the capital stock of the plaintiff from which deductions were made in accordance with the requirements of said section 12, and certified the result as hereinbefore stated to the register of deeds. The plaintiff, Garysburg Manufacturing Company, failed or refused to pursue the remedy for the correction of such assessment, if illegal or erroneous, provided specifically in said section 12. Instead, it voluntarily permitted such assessment to stand and contented itself with paying the taxes under protest to the county of Pender and brought proceedings to recover it back under C. S., 7979.

The amount of said taxation, found by the court below, to have been illegally collected was $5,676.56, together with a penalty for delayed payment at 1½% (see section 78 of the Revenue Act of 1925), amounting to $84.14, making a total amount of $5,760.70, with interest on the amount from the date of payment, 30 April, 1927. From this judgment the defendant, the county of Pender, appealed to the Supreme Court.

*F. S. Spruill and Rountree & Carr for plaintiff.*
*C. E. McCullen for board of commissioners of Pender County.*
*Attorney-General Brummitt and Assistant Attorney-General Nash as amicus curiæ.*

CLARKSON, J. Was the plaintiff mistaken in its remedy in proceeding under C. S., 7979, instead of under the method provided in chapter 102, section 12, Public Laws of North Carolina, 1925? We think so.

We think the law applicable to this controversy: section 12, chapter 102, Public Laws of 1925, pp. 215-16, in part, is as follows: *"Provided, that if the State Board of Assessment or either of them is not satisfied with the appraisement and valuation so made and returned, they are hereby authorized and empowered to make a valuation thereof, based upon the facts contained in the report herein required or upon any information within their possession, and to settle an account on the valuation so made by them for taxes, penalties, and interest due the*

MANUFACTURING COMPANY *v.* COMMISSIONERS OF PENDER.

State thereon, of which such settlement immediate notice shall be given to such corporation by said State Board of Assessment, *with the right to the company dissatisfied with any settlement so made against it to appeal to the Superior Court in term time of the county in which such company has its principal place of business in this State, and thence to the Supreme Court of this State;* but before such company shall be allowed to exercise the right of appeal it shall, within twenty days after notice of such settlement, file with the State Board of Assessment exceptions to the particulars to which it objects, and the grounds thereof, and said State Board of Assessment shall hear said exceptions, after ten days notice of such hearing given by said State Board of Assessment to said company; and if they shall overrule any of said exceptions, then such company, if it desires to appeal to said Superior Court, shall within ten days thereafter give notice to said State Board of Assessment of such appeal to said Superior Court, and the State Board of Assessment shall thereupon transmit to said Superior Court a record of said settlement, with the exceptions of the company thereto, and all decisions thereon, and all papers and evidence considered in making said decision. The said cause shall be placed on the civil docket of said Superior Court, and shall have precedence of all civil actions, and shall be tried under the same rules and regulations as are prescribed for the trial of other civil causes. The cause shall be entitled 'State of North Carolina on the relation of State Board of Assessment against such company.' Either party may appeal to the Supreme Court from the judgment of the Superior Court under the same rules and regulations as are prescribed by law for other appeals, except that the State of North Carolina, if it shall appeal shall not be required to give an undertaking or make any deposit to secure the cost of such appeal," etc.

In compliance with this provision and the Revenue Act provisions, the Garysburg Manufacturing Company (chapter 101, section 89, Revenue Act, 1925, and chapter 102, section 12, Machinery Act, 1925), as of 1 May, 1926, made its report. It gave a detailed statement as required by the act. In the report we find:

(29) *Actual value* in cash of capital stock as of May, 1926
    (cash value, not book value) ........................ .............. ..... $350,000
(33) Assessed value of real property listed with local
    assessors ......................................................... $ 21,155
(34) Assessed value of personal property listed with
    local assessors ..................................................... 118,602
                                        ———— 139,757

                                                     $210,243

From this report made by the Garysburg Manufacturing Company, the corporate excess was $210,243.00—this exact amount was found by the Board of Assessment the valuation liable for tax, and this amount under the law (section 15) was certified to the register of deeds of Pender County. The county levied a tax at the rate of $2.70 on the $100, amounting to a total of $5,676.56. Plaintiff paid same under protest in writing, contending that C. S., 7979, was˙ applicable and brought this action under said provision to recover same.

The method of taxation here pursued has long been the policy of the legislative branch in this jurisdiction and held to be constitutional. *Person v. Watts,* 184 N. C., 499.

In the present case the State Board of Assessment accepted as correct the returns of the Garysburg Manufacturing Company, that the actual value in cash of capital stock as of 1 May, 1926, was $350,000. This included the stock in the Argent Lumber Company held by it, amounting to $225,000. By its detail report, carefully made, the Garysburg Manufacturing Company admitted that this stock was a part of its capital stock. In fact, it did represent its profits from its lumber enterprise in that community. At the time˙ it made its report the law it now questions was operative. If the company was dissatisfied with any assessment, it had a forum—the remedy clearly fixed by statute as above shown, not C. S., 7979, with the right to be heard before the State Board of Assessment for any irregularities or any illegal assessment, and an appeal provided for to the Superior Court and Supreme Court, and full notice given in compliance with the Fourteenth Amendment to the Constitution of the United States.

In *Manufacturing Co. v. Commissioners,* 189 N. C., at pp. 103, 104, the matter is fully set forth as follows: "From a consideration of these and other pertinent provisions of the law, it is clear, in our opinion, that the State Board of Assessment is given supervisory powers to correct improper assessments on the part of the local boards and that on complaint made in apt time and on notice duly given and on sufficient and proper proof before this State Board, plaintiff could have obtained or had full opportunity to obtain the relief he now seeks. This being true, the judgment of his Honor sustaining the demurrer must be upheld, for it is the accepted position that a taxpayer is not allowed to resort to the courts in cases of this character until he has pursued and exhausted the remedies provided before the duly constituted administrative boards having such matters in charge. *Gorham v. Mfg. Co.,* Current Supreme Court Reporter, U. S., pp. 80, 81; *First National Bank v. Weld,* 264 U. S., p. 450; *Farmcomb v. Denver,* 252 U. S., p. 7. In *Gorham's case,* Associate Justice *Sanford* states the controlling principle as follows: 'We are of opinion that without reference to the constitutional questions,

the bill was properly dismissed because of the failure of the company to avail itself of the administrative remedy provided by the statute for the revision and correction of the tax. A taxpayer who does not exhaust the remedy provided before an administrative board to secure the correct assessment of a tax cannot be heard by a judicial tribunal to assert its invalidity.' Our State decisions to the extent they have dealt with the subject are in full approval of the principle, holding that a taxpayer must not only resort to the remedies that the Legislature has established, but that he must do so at the time and in the manner that the statutes and proper regulations provide. *R. R. v. Commissioners,* 188 N. C., p. 265; *Wolfenden v. Commissioners,* 152 N. C., p. 83; *Commissioners v. Murphy,* 107 N. C., p. 36; *Wade v. Commissioners,* 74 N. C., p. 81." *Lumber Co. v. Smith,* 146 N. C., 199; *Land Co. v. Smith,* 151 N. C., 70; *Hart v. Commissioners,* 192 N. C., 161; *Whitley v. Washington,* 193 N. C., 240; *Caldwell Co. v. Doughton,* 195 N. C., 62; *Stanley v. Supervisors,* 121 U. S., 535, at p. 550; *Western Union Tel. Co. v. Missouri,* 190 U. S., 412, at p. 426; *English v. Arizona,* 214 U. S., 359.

In all the authorities it is distinctly held that a particular board, such as is the State Board of Assessment, given authority to assess or fix the value of property for taxation, is exercising a *quasi*-judicial function and, when the method is provided by statute for appeal from the exercise of this function and the taxpayer fails to avail himself of it, he cannot bring an action to recover back that portion of the taxes, so assessed, which he claims to be illegal. In the instant case, the Board of Assessment reported results of the appraisement and did not report the individual items upon which the appraisement was made, consequently, in this sense, the appraisement of the value of the stock held in a foreign corporation was not so separated from the other property as to permit a variation of this rule. *First National Bank v. Weld County,* 264 U. S., 450. For the reasons given, the judgment below is

Reversed.