JAMES P. BUNN, EXECUTOR, ET AL. v. ALLEN J. MAXWELL, COMMISSIONER, ET AL.

(Filed 15 October, 1930.)

1. **Taxation E c—Statutory procedure for recovery of tax alleged to have been illegally collected must be complied with.**

In order for a taxpayer to avoid the payment of a tax claimed by him to have been illegally assessed by the State, he must comply with the procedure provided in the statute, section 464, chapter 80, Public Laws of 1927, and where the statute specifies that he must pay the tax to the proper officer and notify him in writing that he pays under protest, and at any time within thirty days demand its refund from the State Commissioner in writing, and if not refunded in ninety days, bring action to recover the amount, the remedy given must be followed in order for the taxpayer to recover the amount, and the failure of the taxpayer to make the demand required until nearly two years after the payment of the tax is fatal, 3 C. S., 7979(a), requiring the State Auditor to issue his warrant in certain instances, has no application.

**2. Mandamus A b—Nature and grounds for writ in general.**

> Mandamus is to enforce the performance of a duty already owing by the defendant to the party seeking the writ, and the party to be coerced must be under legal duty to perform the act sought.

APPEAL by plaintiffs from *Cowper, Special Judge,* at August Special Term, 1930, of WAKE.

Application for writ of mandamus to require the defendants, as provided by 3 C. S., 7979(a), to refund taxes alleged to have been illegally collected, heard "upon the pleadings and upon agreement of parties that the court might find all necessary facts not appearing in the pleadings."

It appears from the pleadings and the findings of the court:

1. That plaintiffs are the duly appointed representatives of the estate of John M. Sherrod, late of Henrico County, State of Virginia, who died 20 May, 1927, owning stock in certain North Carolina corporations and solvent credits or notes secured by deeds of trust on lands located in this State.

2. That the certificates of stock in said corporations were, at the time of decedent's death, in his possession and custody in the State of Virginia and had been for a number of years prior thereto; while the solvent credits in question were in the State of North Carolina in the physical custody of the personal attorney of the deceased, and had thus acquired a business situs here.

3. That an inheritance tax, or transfer tax, of $2,959.18 was levied against decedent's corporate stocks in North Carolina corporations and a like tax of $7,208.42 was levied against his aforesaid solvent credits by the Commissioner of Revenue of North Carolina.

4. That said taxes were paid under protest 21 June, 1928, and no demand for their refund was made until 25 February, 1930.

5. That plaintiffs have failed to comply with section 464, chapter 80, Public Laws of 1927 (the Revenue Act), and section 464, chapter 345, Public Laws of 1929 (the Revenue Act) relating to the payment of taxes under protest and bringing of actions for the recovery of the taxes paid and involved in this action.

6. That on or about 8 May, 1930, plaintiffs made demand upon the defendants, under 3 C. S., 7979(a), for a return of the taxes in question, but the defendants, and each of them, declined to accede to plaintiffs' request.

From judgment denying application for mandamus and dismissing action, the plaintiffs appeal, assigning error.

*Battle & Winslow for plaintiffs.*

*Attorney-General Brummitt and Assistant Attorney-General Nash for defendants.*

STACY, C. J. The taxes in question were levied under the Revenue Act of 1927 (chap. 80, Public Laws 1927), which, in terms, provides the following method for recovering taxes illegally collected or unlawfully assessed thereunder:

"Section 464. No court of this State shall entertain a suit of any kind brought for the purpose of preventing the collection of any tax imposed in this act. Whenever a person shall have a valid defense to the enforcement of the collection of a tax assessed or charged against him or his property such person shall pay such tax to the proper officer, and notify such officer in writing that he pays same under protest. Such payment shall be without prejudice to any defense or rights he may have in the premises and he may, at any time within thirty days after such payment, demand the same in writing from the Commissioner of Revenue of the State if a State tax or if a county, city or town tax, from the treasurer thereof, for the benefit or under the authority or by request of which the same was levied; and if the same shall not be refunded within ninety days thereafter, may sue such official for the amount so demanded; and if upon the trial it shall be determined that such tax or any part thereof was levied or assessed for an illegal or unauthorized purpose, or was for any reason invalid or excessive, judgment shall be rendered therefor, with interest, and the same shall be collected as in other cases. The amount of State taxes for which judgment shall be rendered in such action shall be refunded by the State."

It is conceded that the provisions of the above section have not been observed. The defendants, therefore, at the outstart, challenge the appropriateness of the remedy selected by the plaintiffs. We think this challenge must be sustained. *Mfg. Co. v. Commissioners of Pender,* 196 N. C., 744, 147 S. E., 284; *Rotan v. State,* 195 N. C., 291, 141 S. E., 733.

True, it is provided by 3. C. S., 7979(a) that whenever taxes of any kind have been collected through clerical error, or misinterpretation of law, or otherwise, and paid into the State Treasury in excess of the amount legally due the State, the Auditor shall issue his warrant for the amount, so illegally collected, to the person entitled thereto, upon certificate of the head of the department through which said taxes were collected, with the approval of the Attorney-General, and the Treasurer shall pay the same out of any funds in the treasury not otherwise appropriated; provided demand is made for the correction of such error or errors within two years from the time of such payment. But without determining the exact meaning of this statute, or undertaking to pass upon its validity, if still existent, we think it is sufficient to say that it has no application to the facts of the instant case. *Blackwell v. Gas-*

*tonia,* 181 N. C., 378, 107 S. E., 218; *Teeter v. Wallace,* 138 N. C., 264, 50 S. E., 701; *R. R. v. Reidsville,* 109 N. C., 494, 13 S. E., 865.

Furthermore, it may be doubted as to whether mandamus will lie to compel obedience to its provisions, even if valid and applicable. *Umstead v. Board of Elections,* 192 N. C., 139, 134 S. E., 409. Mandamus lies only to compel a party to do that which it is his duty to do without it. It confers no new authority. The party seeking the writ must have a clear legal right to demand it, and the party to be coerced must be under a legal obligation to perform the act sought to be enforced. *Person v. Doughton,* 186 N. C., 723, 120 S. E., 481.

The legality of the instant taxes, at the time of their assessment, was fully supported by the decision of the Supreme Court of the United States in the case of *Blackstone v. Miller,* 188 U. S., 189. This much is conceded. But it is contended that with the overruling of this decision, 6 January, 1930, in the case of *Farmers Loan and Trust Co. v. Minnesota,* 74 L. Ed., 190, followed by *Baldwin v. Missouri,* 74 L. Ed., 593, the collection of the present taxes can no longer be sustained. Without conceding the soundness of this position, which is vigorously assailed by the defendants, we are content to confine our decision to the procedural question presented. Plaintiffs omitted to avail themselves of the remedy provided by the statute under which the taxes, sought to be recovered, were levied and collected. This is fatal to their case. *Hatwood v. Fayetteville,* 121 N. C., 207, 28 S. E., 299.

The application for writ of mandamus was properly denied.

Affirmed.