METRO-GOLDWYN-MAYER DISTRIBUTING CORPORATION v. A. J. MAXWELL, COMMISSIONER OF REVENUE.

(Filed 11 December, 1935.)

1. **Taxation E c—Demurrer in suit by taxpayer to recover tax paid held properly sustained, statutory procedure not having been followed.**

   Plaintiff failed to observe the statutory method provided for testing the validity of the tax paid under the Revenue Act, but instituted suit alleging that the tax was paid under compulsion in that plaintiff was notified that it would be subject to fine and imprisonment if it did business in the State without first paying the tax, that the tax is discriminatory and unlawful, and that the statutory procedure prescribed for the recovery of the tax is unconstitutional as applied to plaintiff. *Held:* The allegation that the tax was paid under compulsion was a mere conclusion of the pleader, and the demurrer of the Commissioner of Revenue was properly sustained.

2. **Pleadings D e—**

   A demurrer admits facts properly pleaded, but not inferences or conclusions of law.

DEVIN, J., took no part in the consideration or decision of this case.

DISTRIBUTING CORP. *v.* MAXWELL, COMR. OF REVENUE.

APPEAL by plaintiff from *Cowper, Special Judge,* at April Special Term, 1935, of WAKE.

Civil action to recover license tax, alleged to have been illegally collected.

The complaint alleges:

1. That on or about 1 June, 1933, the plaintiff paid to the defendant Commissioner of Revenue $1,250 annual Schedule B license tax, as assessed under the Revenue Act of 1933, for the privilege of distributing moving picture films in North Carolina, which tax is discriminatory and unlawful.

2. That said payment was made under compulsion, in that printed notice was received by plaintiff from defendant to the effect that doing business in the State without first paying the tax as imposed by the Revenue Act would subject the plaintiff to fine and imprisonment.

3. That the provisions of the statute requiring payment of tax under protest and demand for return within thirty days, and suit if not refunded in ninety days, are unduly restrictive, burdensome, and unconstitutional as applied to the plaintiff.

Wherefore, plaintiff demands return of tax paid as above indicated.

Demurrer interposed on the ground that the complaint does not state facts sufficient to constitute a cause of action. Demurrer sustained. Plaintiff appeals, assigning error.

*John Newitt for plaintiff.*
*Attorney-General Seawell and Assistant Attorneys-General Aiken and Bruton for defendant.*

STACY, C. J. It appears on the face of the complaint that the tax in question was levied and collected under the Revenue Act of 1933; that plaintiff did not observe the statutory method provided for testing the validity of any tax paid thereunder; and that the allegation of payment under compulsion is a mere conclusion of the pleader unsupported by the facts. This renders the complaint bad as against a demurrer. *Bunn v. Maxwell,* 199 N. C., 557, 155 S. E., 250; *Mfg. Co. v. Comrs. of Pender,* 196 N. C., 744, 147 S. E., 284; *Rotan v. State,* 195 N. C., 291, 141 S. E., 733; *Maxwell v. Hinsdale,* 207 N. C., 37, 175 S. E., 847.

The demurrer admits facts properly pleaded, but not inferences or conclusions of law. *Phifer v. Berry,* 202 N. C., 388, 163 S. E., 119. The action was properly dismissed.

Affirmed.

DEVIN, J., took no part in the consideration or decision of this case.