THE PRUDENTIAL INSURANCE COMPANY OF AMERICA v. CHARLES G. POWELL, CHAIRMAN; MRS. J. B. SPILMAN AND FORREST SHUFORD, MEMBERS; AND E. W. PRICE, DIRECTOR OF THE NORTH CAROLINA UNEMPLOYMENT COMPENSATION COMMISSION AND THE UNEMPLOYMENT COMPENSATION COMMISSION OF NORTH CAROLINA.

(Filed 1 May, 1940.)

1. **State § 2a—**

Where the purpose of an action is to control officers of a State agency in the performance of their official duties, the action is against the State, and the fact that the individual officers are joined does not affect this result.

2. **State § 1: Master and Servant § 56—Unemployment Compensation Commission is a State agency.**

The act creating the Unemployment Compensation Commission declares the legislative purpose to prevent the spread of unemployment and to lighten its burdens in the interest of the public welfare, provides for the collection of compulsory contributions from employers within the purview of the act, for the distribution of funds thus collected by State warrant, that the members of the Commission be appointed by and accountable to the Governor, that the Commission fully account to the State in the per-

formance of its duties, and that the act should create no vested private right but should be subject to amendment or repeal by the Legislature, and therefore the Commission is an agency created by statute for a public purpose and is an agency of the State.

**3. Taxation § 13: Master and Servant § 59—**

Contributions imposed on employers within the purview of the Unemployment Compensation Act are compulsory and therefore constitute a tax, and they are not rendered any less a tax by reason of the provision that they should be segregated in a special fund for distribution in furtherance of the purpose of the act.

**4. State § 2a—**

An action cannot be maintained against the State or an agency of the State unless it consents to be sued, and ordinarily express consent is prerequisite.

**5. Declaratory Judgment Act § 1—**

The purpose of the Declaratory Judgment Act is to provide a speedy remedy for the determination of questions of law, and although questions of fact necessary to the adjudication of the legal questions involved may be determined, the remedy is not available to present for determination issues of fact alone. Chapter 102, Public Laws of 1931.

**6. Same: Master and Servant § 59—**

An action to determine whether salaries paid certain employees should be included in computing the contributions to be paid by an employer under the Unemployment Compensation Act involves solely an issue of fact and does not involve any right, status or legal relation, and the employer may not maintain proceedings under the Declaratory Judgment Act to determine the question.

**7. State § 2a: Master and Servant § 59—**

An action against the Unemployment Compensation Commission seeking judgment that salaries paid to certain of plaintiff's employees should not be included in computing the amount of the contributions plaintiff should pay under the Unemployment Compensation Act is an action against a State agency and directly affects the State, since the amount of tax it is entitled to collect is involved, and the action is properly dismissed upon demurrer, since there is no statutory provision authorizing such action.

**8. Master and Servant § 59: Taxation § 38b—Injunctive relief will not lie directly or indirectly to restrain collection of unemployment compensation tax.**

A judgment that salaries paid to certain of plaintiff's employees should not be included in computing the amount of the contributions plaintiff should pay under the Unemployment Compensation Act would in effect enjoin the Commission from seeking further to collect the amount of contributions which it contends are justly due, and it being expressly provided in the act that injunction should not lie to restrain the collection of any tax or contribution levied under the act, sec. 10, ch. 27, Public Laws of 1939, the court is without jurisdiction of an action seeking such relief, since it may not do indirectly what it is prohibited from doing directly.

**9. Taxation § 38b—**

The statutory remedies and procedure provided a taxpayer before a State board must first be exhausted by him in the time and manner provided before resort to the courts, and where adequate remedies for judicial review are provided they are exclusive.

**10. Same: Master and Servant § 59—Unemployment Compensation Act provides adequate remedies for determination of liability for contributions, and such remedies are exclusive.**

The Unemployment Compensation Act provides for the determination of liability of an employer for contributions, in whole or in part, by hearing before the Commission, with right of appeal, for suit to recover compensation taxes paid under protest, and for the assertion of any valid defense by the employer in any civil action instituted by the Commission to collect delinquent contributions, and the remedies thus provided are adequate and preclude an employer from maintaining suit in the Superior Court seeking judgment that salaries paid certain of its employees should not be included in computing the amount of contributions it should pay.

APPEAL by plaintiff from *Williams, J.,* at February Term, 1940, of WAKE. Affirmed.

This is a proceeding under the North Carolina Declaratory Judgment Act, ch. 102, Public Laws 1931.

Plaintiff, admitting that it is an employer within the meaning of the North Carolina Unemployment Compensation Law, ch. 1, Public Laws, Extra Session 1936, alleges that there is a *bona fide* controversy between plaintiff and defendants as to its liability for contributions or taxes based upon sums paid to certain of its special agents which it contends are independent contractors. Plaintiff contends that the contracts with such special agents constitutes such special agents independent contractors, and it alleges in support thereof various facts in respect to the absence of control and the right of direction and the like.

The defendants answered and admitted that it claimed contributions based in part upon remuneration paid such special agents and other groups of agents employed by plaintiff. It further admitted the plaintiff is now paying contributions to the defendants upon the basis of remuneration paid to its managers, clerical assistants, and certain other employees. They further allege that on 19 May, 1938, the defendant Commission, at the request of the plaintiff, held and conducted a hearing for the purpose of determining whether the services performed by plaintiff's soliciting agents and special agents should be deemed to be employment subject to and covered by the Unemployment Compensation Law; that a hearing at which the plaintiff was represented by counsel was duly held; and that after the introduction of evidence and argument of counsel the Commission rendered an opinion that the services performed by such agents should be deemed to be employment.

When the cause came on to be heard in the court below, after the reading of the pleadings, the defendants demurred *ore tenus* to the complaint upon the grounds "that this proceeding is a proceeding against the State, and the court does not have jurisdiction to determine or hear this action or does not have jurisdiction of the parties or subject matter and, second, that the State has consented and provided a method by which the matters alleged may be adjudicated and has provided special statutory remedies.

First, under section 11-M of the Unemployment Compensation Law, found on page 29, whereby the Unemployment Compensation Commission may hear and determine the matters, status and all questions concerning said agents, and,

"Second, that another statutory remedy has been provided by the Legislature, the same being section 14-E of the Unemployment Compensation Law, providing, in substance, that petitioners in this cause have a right to pay the taxes claimed under protest and institute a regular action in the Superior Court to recover same from the Commission."

The court below, being of the opinion that the proceeding is in fact an action against an agency of the State and that the State has never consented to this form of proceeding against it and being further of the opinion that the Unemployment Compensation Law provides the plaintiff with adequate statutory remedies which are exclusive, sustained the demurrer and entered judgment dismissing the action. The plaintiff excepted and appealed.

*Smith, Leach & Anderson for plaintiff, appellant.*
*Adrian J. Newton, Ralph Moody, and J. C. B. Ehringhaus, Jr., for defendants, appellees.*

BARNHILL, J. This appeal presents for determination the one question: Is the Unemployment Compensation Commission an agency of the State and is this proceeding in fact a proceeding against the State?

The determination of this question is not affected by the fact that individual officers of the Unemployment Compensation Commission are made parties defendant. Their acts in respect to which the plaintiff complains were performed and are being performed in their official capacity. If the Unemployment Compensation Commission is a State agency, then in essence the proceeding is against the State. 16 Am. Jur., 331; *N. C. v. Temple,* 134 U. S., 22; *S. v. Steel,* 134 U. S., 230; *Smith v. Reeves,* 178 U. S., 436; *Bell Telephone Co. v. Lewis,* 169 A. (Pa.), 571.

In sec. 2, ch. 1, Public Laws, Extra Session 1936, known as the Unemployment Compensation Law, the Legislature has declared that "Eco-

nomic insecurity due to unemployment is a serious menace to the health, morals and welfare of the people of this State. Involuntary unemployment is, therefore, a subject of general interest and concern which requires appropriate action by the Legislature to prevent its spread and to lighten its burden. . . . The achievement of social security requires protection against this greatest hazard of our economic life. . . . The Legislature, therefore, declares that in its considered judgment the public good and the general welfare of the citizens of this State require the enactment of this measure, under the police powers of the State, for the compulsory setting aside of unemployment reserves to be used for the benefit of persons unemployed through no fault of their own." The act then creates the Unemployment Compensation Commission and vests it with authority under the provisions of the act to accomplish the purpose thus declared, which purpose is of public interest and a proper subject matter for legislative action.

Provision is made for the assessment, levy and collection of compulsory contributions by employers as defined in the act. The moneys thus collected are paid into the Treasury of the State and are disbursed by the Treasurer of the State on warrants duly issued by the Auditor upon requisition of the Unemployment Commission, and detailed regulations are provided for the receipt, deposit, use, investment and disbursement of said fund thus created. The members of the Commission are appointed by and are accountable to the Governor and are required to file reports and otherwise account to the State in respect to the discharge of their duties under the law. It is likewise provided that there shall be no vested private right of any kind existing as against the power of the Legislature to amend or repeal the law and "all the rights, privileges or immunities conferred by this act or by acts done pursuant thereto shall exist subject to the power of the Legislature to amend or repeal this act at any time." It seems to us that the express provisions of the act itself, without further argument, are sufficient to clearly designate the Unemployment Compensation Commission an agency of the State.

The contributions, by whatever name designated, are not voluntary but are compulsory and constitute a tax. Nor does the fact that the Legislature has seen fit to segregate the funds derived from the collection of the contributions assessed in a special fund and for a special purpose alter this conclusion. It, in its discretion, has the power to so segregate and earmark revenues of the State. It has done so in other instances, signally in respect to the gasoline and automobile license tax revenue.

It is axiomatic that the sovereign cannot be sued in its own courts or in any other without its consent and permission. Except in a limited class of cases the State is immune against any suit unless and until it has expressly consented to such action. *Rotan v. State,* 195 N. C., 291,

141 S. E., 733; *Carpenter v. R. R.,* 184 N. C., 400, 114 S. E., 693; *Dredging Co. v. State,* 191 N. C., 243, 131 S. E., 665; *Moody v. State Prison,* 128 N. C., 12; *U. S. v. Lee,* 106 U. S., 196, 25 R. C. L., 412.

An action against a commission or board created by statute as an agency of the State where the interest or rights of the State are directly affected is in fact an action against the State. *Dredging Co. v. State, supra; Carpenter v. R. R., supra; Bell Telephone Co. v. Lewis, supra.*

The purpose of the Declaratory Judgment Act, ch. 102, Public Laws 1931, is to provide a speedy and simple method of determining the rights, status and other legal relations under written instruments, statutes, municipal ordinances, contracts or franchises and to afford relief from uncertainty and insecurity created by doubt as to rights, status or legal relations thereunder. *Walker v. Phelps,* 202 N. C., 344, 163 S. E., 726; *Light Co. v. Iseley,* 203 N. C., 811, 167 S. E., 56. Here the plaintiff admits its legal status—that of an employer—under the Unemployment Compensation Law, and it concedes its liability to assessment for contributions under that act. In its final analysis this proceeding is to determine whether certain persons rendering services to the plaintiff under contract are employees within the meaning of the act and whether compensation paid to them is to be taken into consideration in estimating the amount of the contribution or tax due by the plaintiff. This is essentially a question of fact. The purpose of the Declaratory Judgment Act is to provide a ready means of determining rights, status and other legal relations. These are questions of law. While, in some instances, it may be necessary to hear evidence in order to determine the legal questions presented in a proceeding under this act, proceedings may not be maintained under the act to present issues of fact only.

The plaintiff seeks to have the Court judicially determine whether certain of its special agents operating under contract are employees for the purpose of ascertaining its tax liability. Thus, the amount that the State is entitled to collect from the plaintiff, through the Unemployment Compensation Commission, is directly involved and the State is the real party in interest. It would be directly affected and prejudiced by a judgment favorable to the plaintiff.

While the plaintiff does not seek injunctive relief a judgment favorable to it would have, of necessity, the effect of restraining the defendant from proceeding further in its effort to collect from the plaintiff the contributions which defendants contend are justly due under the act, and it is expressly provided that "no injunction shall be granted by any court or judge to restrain the collection of any tax or contribution or any part thereof levied under the provisions of this act." Sec. 10, ch. 27, Public Laws 1939. The court may not do indirectly what it is prohibited from doing directly.

INSURANCE CO. *v.* UNEMPLOYMENT COMPENSATION COM.

Where an administrative remedy is provided by statute for revision, against collection, or for recovery of taxes assessed or collected, the taxpayer must first exhaust the remedy thus provided before the administrative body, otherwise he cannot be heard by a judicial tribunal to assert its invalidity. *Distributing Corp. v. Maxwell,* 209 N. C., 47, 182 S. E., 724; *Hart v. Comrs.,* 192 N. C., 161, 134 S. E., 405; *Maxwell v. Hinsdale,* 207 N. C., 37. He must not only resort to the remedies that the Legislature has established but he must do so at the time and in the manner that the statute and proper regulations provide. *Mfg. Co. v. Comrs.,* 196 N. C., 747; *Pender County v. Garysburg Mfg. Co.,* 50 F. (2d), 747; *Gorham Mfg. Co. v. S. Tax Com. of N. Y.,* 266 U. S., 265; *Myers v. Bethlehem Shipbuilding Corp.,* 303 U. S., 41, 82 L. Ed., 638.

The Unemployment Compensation Law provides adequate remedies: (1) when liability is denied in whole or in part by an employer the Commission must have a hearing at which such employer is entitled to be present and to be heard. From an adverse ruling by the Commission such contestant may appeal. Sec. 8 (m), ch. 27, Public Laws 1939. It is not inappropriate to note in this connection that on appeal the cause must be entitled "State of North Carolina on relation of the Unemployment Compensation Commission *v.*" the employer; (2) the protesting employer may pay the tax and sue for its recovery, thereby presenting its claim of a valid defense against the enforcement of the tax for judicial determination; or (3) if the employer is in default the Commission may proceed to collect by civil action in which the employer may present any valid defense he may have. Sec. 14 (b), ch. 1, Public Laws, Extra Session 1936.

Incidentally, it is asserted in the answer of the defendants that a hearing has been had as provided under the act and that the tax liability of the plaintiff has been duly adjudicated by the Commission. If this be true, whether such adjudication is *res judicata* is not now presented for determination.

The Legislature has conferred upon the Unemployment Compensation Commission the right and power to determine the rights, status and liabilities of an employer under the terms of the act. Sec. 8 (m), ch. 27, Public Laws 1939. It would seem, therefore, that by express legislative mandate the Unemployment Compensation Commission is the proper forum for determining the very question the plaintiff here seeks to present. In certain respects the Unemployment Compensation Commission is a judicial tribunal and the Declaratory Judgment Act expressly provides that rights, status and other legal relations may be determined by the courts within their respective jurisdictions. Sec. 1, ch. 102, Public Laws 1931.

In any event, whether we consider the Unemployment Compensation Commission, in this respect, a judicial or an administrative body, plaintiff must assert its right and seek its remedy in accord with the express provisions of the statute.

For the reasons stated we are of the opinion that the court below properly sustained the demurrer.

Affirmed.