BUCHAN v. SHAW, COMR. OF REVENUE.

---

H. C. BUCHAN, JR., T/A NORTH WILKESBORO HARDWARE AND SPARTA HARDWARE, v. EUGENE SHAW, COMMISSIONER OF REVENUE OF NORTH CAROLINA.

(Filed 4 November, 1953.)

**Taxation § 38c: Declaratory Judgment Act § 1—**

G.S. 105-267 provides the sole remedy of a taxpayer to determine his liability for a sales tax, and he may not maintain an action under the Declaratory Judgment Act to determine his liability therefor.

APPEAL by plaintiff from *Clement, J.,* June Term, 1953, WILKES.

Civil action under the Declaratory Judgment Act to determine plaintiff's tax liability under the sales tax statute.

Plaintiff is a licensed wholesale dealer and "sells a vast amount of merchandise to merchants for resale . . . outside of the State of North Carolina," principally to licensed retail merchants of Virginia and Tennessee. He seeks a judgment adjudicating his tax liability on such sales. The defendant demurred for that the court has no jurisdiction over the subject matter of this action. The demurrer was sustained and judgment dismissing the action was duly entered. Plaintiff excepted and appealed.

*W. H. McElwee, Jr., for plaintiff appellant.*

*Attorney-General McMullan and Samuel Behrends, Jr., Member of Staff, for defendant appellee.*

BARNHILL, J.   An action against the Commissioner of Revenue, in essence, is an action against the State.   *Insurance Co. v. Unemployment Compensation Com.,* 217 N.C. 495, 8 S.E. 2d 619.     Since the State has not waived its immunity against suit by one of its citizens under the Declaratory Judgment Act to adjudicate his tax liability under the sales tax statute, the court properly sustained the demurrer.   *Insurance Co. v. Unemployment Compensation Com., supra.*   See also *Bunn v. Maxwell, Comr. of Revenue,* 199 N.C. 557, 155 S.E. 250; *Rotan v. S.,* 195 N.C. 291, 141 S.E. 733.

Plaintiff's only remedy is provided by G.S. 105-267.   He must follow the procedure there prescribed.

In any event, the question the plaintiff seeks to have the court answer by declaratory judgment is put at rest in the opinion in *Phillips v. Shaw, ante,* p. 518, this day filed.

The judgment entered in the court below is

Affirmed.