HOUSING AUTHORITY OF THE CITY OF WILMINGTON, NORTH CAR-
OLINA v. W. A. JOHNSON, COMMISSIONER OF REVENUE OF THE STATE OF
NORTH CAROLINA.

(Filed 17 January 1964.)

**1. Declaratory Judgment Act § 1;    Taxation § 36—**

The Commissioner of Revenue cannot be sued pursuant to the provisions
of the Declaratory Judgment Act to determine liability for a tax.

**2. Taxation § 36—**

The rights granted under G.S. 105-266.1 are in addition to the rights
provided by G.S. 105-267, and a taxpayer may sue to recover sales taxes
paid within ninety days from the denial of its claim for refund of said
taxes notwithstanding more than ninety days may have elapsed since the
payment of the sales tax on specific items purchased, since the limitation
envisions the computation of time from a decision rendered applicable to
a specific factual situation in a quasi-judicial hearing.

**3. Taxation § 15—**

A housing authority is not entitled to a refund of sales taxes paid by it
on purchases made by it, since G.S. 157-26 has no application to sales
taxes but applies to ad valorem taxes, and although a housing authority
is a municipal corporation, it is not a county or unincorporated city or
town which are the only agencies entitled to a refund under G.S. 105-
164.14(c), and since a housing authority is a municipal corporation, it is
not a charitable organization entitled to a refund under G.S. 105-164.14
(b), nor is 42 U.S.C.A., § 1405(e) applicable.

APPEAL by defendant from *Latham, Special Judge,* March Regular
Civil Session 1963 of WAKE.

The plaintiff Housing Authority of the City of Wilmington, North
Carolina, instituted this action to recover sales taxes paid on pur-
chases of supplies between 1 July 1961 and 31 December 1961 in the
sum of $643.46. A claim for refund of said taxes was filed with the de-
fendant Commissioner of Revenue on 8 February 1962. This claim was
denied on 10 April 1962. Within 90 days thereafter the plaintiff began
this action in the Superior Court of Wake County, alleging that the
defendant is subject to suit pursuant to the provisions of G.S. 105-
266.1, for refund of said taxes.

It is alleged that the plaintiff is a housing authority created and ex-
isting under the provisions of the Housing Authorities Law of North
Carolina, and is an independent, nonprofit, charitable corporation with
the powers granted by the aforesaid law; that the plaintiff is entitled
to a refund of the sales taxes involved pursuant to the provisions of
G.S. 105-164.14, and that the plaintiff is entitled to a declaratory judg-
ment if the action cannot be maintained pursuant to the provisions of
G.S. 105-266.1.

The defendant demurred to the complaint for that, it fails to state a cause of action; that the plaintiff is not a taxpayer under the provisions of G.S. 105-266.1; and that the court lacked jurisdiction because the State has not consented to be sued under the Declaratory Judgment Act, Chapter 1, Article 26, codified as G.S. 1-253, *et seq.*

Plaintiff was allowed to amend its complaint to allege it was exempt from sales tax under the provisions of G.S. 157-26 and 42 U.S.C.A. 1405 (e), and alleged that it is entitled to judicial review of the Commissioner's decision denying the refund under G.S. 143-306, *et seq.* The defendant again demurred and the demurrer was overruled.

The cause was tried by the judge, jury trial having been waived. The court found that the plaintiff Housing Authority was not operated for profit but for the benefit of low-income families; that the tax was paid as alleged; that a claim for refund was properly filed under G.S. 105-164.14; that defendant had denied claim; that plaintiff had properly brought suit under G.S. 105-266.1; and that the action was instituted within the time allowed by G.S. 143-309 because the defendant did not serve a written copy of the decision denying the refund on the plaintiff.

The court below held that the plaintiff is a taxpayer under the provisions of G.S. 105-266.1; that plaintiff is controlled by the Federal government, and is not a charitable organization under the provisions of G.S. 105-164.14 (b); that plaintiff is entitled to recover the taxes paid; that plaintiff was exempted from the payment of said taxes by G.S. 157-26 and 42 U.S.C.A. 1405 (e); and that it is entitled to recover under G.S. 105-266.1 or 105-267.

Judgment was entered accordingly. The defendant appeals, assigning error.

*Attorney General Bruton; Deputy Attorney General Peyton B. Abbott; Asst. Attorney General Charles D. Barham, Jr., for the State.*

*Royce S. McClelland; Daniel K. Edwards; and Allen, Steed & Pullen for plaintiff.*

DENNY, C.J.    It is apparent from the facts set out above that the plaintiff brought this action pursuant to the provisions of G.S. 105-266.1, and alleged in its complaint that it is entitled to a refund of the sales taxes paid in the sum of $643.46 pursuant to the provisions of G.S. 105-164.14. In its prayer for relief, it prayed that should it be determined that this is not a proper action for refund under the provisions of G.S. 105-266.1, that the court render judgment under the provisions of the Declaratory Judgment Act. However, when the de-

fendant demurred to the complaint, the plaintiff moved for leave to amend its complaint in order to allege its exempt status under the provisions of G.S. 157-26, 42 U.S.C.A. 1405 (e), and G.S. 105-164.13 (17), and requested the court to consider the amended complaint a petition filed under the provisions of G.S. 143-306, *et seq.*, or if the court should determine that this is not a proper action for refund under the provisions of either G.S. 105.266.1 or G.S. 143-306, *et seq.,* that the court render judgment under the provisions of the Declaratory Judgment Act. The defendant again demurred and the demurrer was overruled.

This Court has held in a number of cases that the Commissioner of Revenue cannot be sued pursuant to the provisions of the Declaratory Judgment Act.

In the case of *Buchan v. Shaw, Comr. of Revenue,* 238 N.C. 522, 78 S.E. 2d 317, it is said: "An action against the Commissioner of Revenue, in essence, is an action against the State. *Insurance Co. v. Unemployment Compensation Com.,* 217 N.C. 495, 8 S.E. 2d 619. Since the State has not waived its immunity against suit by one of its citizens under the Declaratory Judgment Act to adjudicate his tax liability under the sales tax statute, the court properly sustained the demurrer. *Insurance Co. v. Unemployment Compensation Com., supra.* See also *Bunn v. Maxwell, Comr. of Revenue,* 199 N.C. 557, 155 S.E. 250; *Rotan v. S.,* 195 N.C. 291, 141 S.E. 733.

"Plaintiff's only remedy is provided by G.S. 105-267. He must follow the procedure there prescribed." The rights granted in G.S. 105-266.1 are in addition to the rights provided by G.S. 105-267. See 1957 Session Laws of North Carolina, chapter 1340.

Likewise, this Court in considering the provisions of G.S. 143-306 in the case of *Duke v. Shaw, Commissioner of Revenue,* 247 N.C. 236, 100 S.E. 2d 506, said: "Manifestly this statute contemplated a quasi-judicial hearing in which the parties were permitted an opportunity to offer evidence and a decision rendered applicable to a specific factual situation. *In re Berman,* 245 N.C. 612, 97 S.E. 2d 232.

"It does not authorize the filing of a petition in the Superior Court seeking an advisory opinion on the correctness of an executive interpretation of a statute."

The plaintiff Housing Authority when it filed its claim for refund on 8 February 1962, based its claim for refund solely upon the provisions of G.S. 157-26, being a portion of the provisions of the Housing Authorities Law enacted by the General Assembly of North Carolina, Chapter 456, Public Laws of 1935, and which reads as follows: "The authority shall be exempt from the payment of any taxes or fees to the

State or any subdivision thereof, or to any officer or employee of the State or any subdivision thereof. The property of an authority shall be exempt from all local and municipal taxes and for the purposes of such tax exemption, it is hereby declared as a matter of legislative determination that an authority is and shall be deemed to be a municipal corporation. Bonds, notes, debentures and other evidences of indebtedness of an authority heretofore or hereafter issued are declared to be issued for a public purpose and to be public instrumentalities and, together with the interest thereon, shall be exempt from taxes."

The plaintiff cited as authority in support of its claim for refund, *Wells v. Housing Authority*, 213 N.C. 744, 197 S.E. 693 (which construed the statute with respect to ad valorem taxes only), and 42 U.S.C.A., sections 1401, 1409 and 1410 of the National Housing Act.

On 10 April 1962, the defendant Commissioner of Revenue denied that the plaintiff Housing Authority was exempt from the payment of sales tax on its purchases of tangible personal property, notwithstanding the provisions of G.S. 157-26, and cited Chapter 826 of the Session Laws of 1961 which provides for the refund of such taxes to "counties and incorporated cities and towns," and further provides that "The refund provisions contained in this subsection shall not apply to any bodies, agencies or political subdivisions of the State not specifically named herein." The only agencies named in the subsection are counties and incorporated cities and towns. G.S. 105-164.14 (c).

The 1961 Act referred to hereinabove likewise provides, in pertinent part, in subsection (b) of G.S. 105-164.14 as follows: "The Commissioner of Revenue shall make refunds annually to hospitals not operated for profit, educational institutions not operated for profit, churches, orphanages and other charitable or religious institutions and organizations not operated for profit of sales and use taxes paid under this article by such institutions and organizations on direct purchases of tangible personal property for use in carrying on the work of such institutions or organizations. * * * The refund provisions contained in this subsection shall not apply to organizations, corporations and institutions which are governmental agencies, owned and controlled by the federal, State or local governments. In order to receive the refund herein provided for, such institutions and organizations shall file a written request for said refund within sixty days of the close of each calendar year, and such request for refund shall be substantiated by such proof as the Commissioner of Revenue may require, and no refund shall be made on applications not filed within the time allowed by this section and in such manner as the Commissioner may otherwise require."

It is clear that the plaintiff in its complaint, as amended, alleges it is exempt from the payment of taxes or fees to the State or any subdivision thereof under the provisions of G.S. 157-26. That in addition thereto, the plaintiff, by virtue of the provisions of 42 U.S.C.A., section 1405 (e), is exempt from all taxation imposed by the United States or by any State, and by reason of such law, the plaintiff is within the exempt status group prescribed by the provisions of G.S. 105-164.13 (17) of the North Carolina Sales Tax Act.

The provisions of 42 U.S.C.A., section 1405 (e), are as follows: "The Administration, including but not limited to its franchise, capital, reserves, surplus, loans, income, assets and property of any kind, shall be exempt from all taxation now or hereafter imposed by the United States or by any State, county, municipality, or local taxing authority. Obligations, including interest thereon, issued by public housing agencies in connection with low-rent-housing or slum-clearance projects, and the income derived by such agencies from such projects, shall be exempt from all taxation now or hereafter imposed by the United States."

The first part of the above statute exempts the "Administration" from being taxed by the United States or by any State, county, municipality or local taxing authority. The term "Administration" is an entirely different entity from a local housing authority and means the "Public Housing Administration." 42 U.S.C.A., section 1402, subsection (13).

Subsection (11) of the foregoing section provides: "The term 'public housing agency' means any State, county, municipality, or other governmental entity or public body (excluding the Administration), which is authorized to engage in the development or administration of low-rent-housing or slum-clearance. The Administration shall enter into contracts for financial assistance with a State or State agency where such State or State agency makes application for such assistance for an eligible project which, under the applicable laws of the State, is to be developed and administered by such State or State agency."

The latter part of section 1405 (e) makes no reference to any tax imposed by any State, county, municipality or local taxing authority. It merely provides that the obligations, including interest thereon, issued by public housing agencies in connection with low-rent-housing or slum-clearance projects, and the income derived by such agencies from such projects, shall be exempt from all taxation now or hereafter imposed by the United States.

Therefore, as we construe the provisions of 42 U.S.C.A., section 1405 (e), they have no bearing whatever on the questions presented on this appeal.

G.S. 105-164.13 (17) reads as follows: "Sales which a state would be without power to tax under the limitations of the Constitution or laws of the United States or under the Constitution of this State." Certainly, neither the Constitution of this State nor the Constitution and laws of the United States prohibit the collection of a sales tax on purchases of tangible personal property made by a housing authority duly created, organized and existing under and by virtue of the Housing Authorities Law enacted in 1935 by the General Assembly of North Carolina.

The plaintiff was allowed a refund of sales taxes paid on the purchase of tangible personal property used in connection with the operation of its housing project prior to the enactment of Chapter 826 of the Session Laws of 1961, which became effective 1 July 1961. The provisions under which the plaintiff obtained refunds until their repeal by the enactment of the 1961 Act, were set out in G.S. 105-164.13 (30) as follows: "Sales made to the State of North Carolina or any of its subdivisions, including sales of tangible personal property to agencies of State or local government for distribution in public welfare or relief work. This exemption shall not apply to sales made to organizations, corporations, and institutions that are not governmental agencies, owned and controlled by the State or local governments. Sales of building materials made directly to State and local governments in this State shall be exempt from the tax on building materials levied in this article, and sales of building materials to contractors to be used in construction work for State or local governments shall be construed as direct sales."

While the plaintiff in its complaint, as amended, alleges it is exempt from the payment of any tax pursuant to the provisions of G.S. 157-26, 42 U.S.C.A. 1405 (e), and G.S. 105-164.13 (17), it alleges its right to a refund of the sales taxes paid under the provisions of G.S. 105-164.14.

We have held that a housing authority created pursuant to the provisions of our Housing Authorities Law is a municipal corporation. *Wells v. Housing Authority, supra.* Even so, such a corporation is not an incorporated city or town, and is not entitled to the refund of sales taxes paid on purchases of tangible personal property pursuant to the provisions of G.S. 105-164.14 (c).

Since the plaintiff is a municipal corporation or public agency created, organized and existing under and by virtue of the laws of North Carolina, more particularly the Housing Authorities Law, codified as G.S. 157-1, *et seq.*, we concur in the conclusion reached by the court below that the plaintiff is not a charitable organization within the meaning of the refund provisions of G.S. 105-164.14 (b).

We concur in the ruling of the court below that the plaintiff is a taxpayer within the meaning of G.S. 105-266.1, and had the right to institute this action. However, in our opinion, the plaintiff is not entitled to recover the taxes paid pursuant to the provisions of the statute upon which it relies, to wit, G.S. 105-164.14 (b) (c). The statute contains no provision whatever authorizing such refund, but on the contrary, by its terms, it expressly excludes governmental agencies.

It would seem that since the plaintiff is a nonprofit organization and a public housing agency, and could not exist were it not subsidized by the annual contributions of approximately $200,000 by the Public Housing Administration, in our opinion, there is no meritorious reason why such agencies should not be included within the refund provisions of G.S. 105-164.14 (b) (c). However, they are not, and such inclusion or exclusion is a legislative matter and not one for the courts.

The judgment of the court below is
Reversed.