PER CURIAM. Had plaintiff failed to appear when this case was called for trial pursuant to the calendar, or had plaintiff refused to go to trial after being ordered to proceed, the court below, either under G.S. 1-222(4), or in its inherent power, "could have dismissed the cause 'as of nonsuit' after plaintiff had been called and failed to prosecute" his suit. *Sykes v. Blakey*, 215 N.C. 61, 64, 200 S.E. 910, 912. Plaintiff here, however, was present and ready for trial when his case was called. Under these circumstances, the judge was without authority to dismiss the action.

Reversed.

---

IN THE MATTER OF THE PETITION OF HOUSING AUTHORITY OF THE CITY OF DURHAM FOR ADMINISTRATIVE REVIEW OF DECISION OF COMMISSIONER OF REVENUE CONCERNING CLAIM FOR REFUND OF SALES AND USE TAXES FOR PERIOD BEGINNING SEPTEMBER 1, 1963, AND ENDING DECEMBER 31, 1963.

(Filed 24 November, 1965.)

Taxation § 29—

     A judgment denying a housing authority refund of sales taxes on articles purchased by it from retailers affirmed on authority of *Housing Authority v. Johnson, Commissioner of Revenue*, 261 N.C. 76.

APPEAL by petitioner from *Copeland, S.J.*, August 1965 Nonjury Civil Session of WAKE.

This action was brought by petitioner, Housing Authority of the City of Durham, a public body organized pursuant to Chapter 157 of the General Statutes, for a refund of sales taxes which it had paid on purchases from retailers during the year 1963. Claim for refund was made according to the provisions of G.S. 105-266.1. The Commissioner of Revenue denied the claim and the Tax Review Board sustained his decision. G.S. 105-241.2. Petitioner then applied for judicial review by the Superior Court of Wake County as provided by G.S. 105-241.3 and G.S. 143-306, *et seq*. From its judgment affirming the Tax Review Board, petitioner appeals to this Court.

*Allen, Steed & Pullen; Edwards & Manson; McClelland & Barefoot for petitioner appellant.*

*Thomas Wade Bruton, Attorney General, and Charles D. Barham, Jr., Assistant Attorney General for respondent appellee.*

PER CURIAM. The precise question presented by this appeal was decided adversely to petitioner in *Housing Authority v. Johnson, Comr. of Revenue*, 261 N.C. 76, 134 S.E. 2d 121. The judgment of the court below is
Affirmed.

STATE v. CLIFFORD DELAIN DAVIS.

(Filed 1 December, 1965.)

**1. Rape §§ 4, 18—**

Testimony that a defendant, charged with rape or assault with intent to commit rape, was intoxicated at the time the crime was committed is competent as part of the *res gestæ*.

**2. Same; Criminal Law § 38—**

Whether defendant's intoxication before and after the crime is competent upon the question of defendant's intoxication at the time the crime was committed is a question of remoteness to be determined upon the facts of each particular case.

**3. Same—**

Defendant testified to the effect that he drank some beer prior, and again subsequent, to the time the crime was committed, and prosecutrix testified that at the time of the crime she smelled alcohol on his breath but that he did not act like a drunk person. Testimony of an officer that some three and one-half hours after the commission of the crime defendant was intoxicated to the extent he was staggering is incompetent to show defendant was intoxicated at the time the crime was committed.

**4. Rape §§ 4, 18; Criminal Law § 33—**

Where defendant, charged with rape, appears in front of the prosecutrix' house shortly after midnight, some three and one-half hours after the crime was committed, it is competent to show as a circumstance throwing light on his conduct, that he was then intoxicated, since if defendant had been sober his appearance at that time and place would be a circumstance strongly suggesting innocence, but if he were intoxicated and guilty it would explain his abnormal and unusual conduct in appearing where he might be readily identified as the assailant.

**5. Evidence § 15—**

When evidence is material and competent, objection on the ground that it would tend to discredit a party in the eyes of the jury, is untenable.

**6. Criminal Law § 107—**

Where the court correctly defines a term in its charge to the jury, it is not ground for exception that the court fails to repeat the definition each time the term is repeated in the charge.